WIGGINTON, Judge.
Appellant was charged in two counts of an indictment with the offense of perjury. One count alleged that he knowingly swore falsely in an affidavit before the Justice of the Peace of Gadsden County for the purpose of securing a search warrant involving the unlawful possession and sale of intoxicating beverages. The second count charged him with having knowingly given false testimony in a case in which he was called as a witness, and in which he was sworn to tell the truth, which case involved the prosecution of the person whose premises were searched under the search warrant obtained by the alleged false affidavit described in the first count of the indictment. Appellant was convicted on both counts of the indictment and was sentenced to a term of imprisonment of three years on each count, the sentences to run concurrently. It is from that judgment and sentence that this appeal is taken.
By his first point on appeal appellant contends the trial court erred in denying his motion for a directed verdict *467 and for a new trial on the ground that the State failed to prove that any oath was administered to him by the Justice of the Peace either before or contemporaneously with his execution of the affidavit in question, or at any time thereafter. In support of this position appellant relies on the case of Markey v. State[1] for the proposition that it is absolutely essential to the offense that the testimony or statement relied on as constituting perjury was under an oath actually administered. Although no quarrel can be found with this statement of law, it provides no basis for relief in the case here considered. Our review of the trial proceedings reveals that the Justice of the Peace was specifically asked whether or not the documents which he identified, including the affidavit in question, were sworn to in his presence, to which the witness replied in the affirmative. The jury was justified in concluding from this testimony that the affidavit signed by appellant in the presence of the Justice of the Peace, and which purported to have been sworn to by appellant, was signed after the required oath was properly administered to him. Furthermore, after the affidavit was identified by the Justice of the Peace as having been signed and sworn to by appellant, it was offered in evidence by the State. Appellant’s counsel was asked by the court whether he had any objection to the introduction in evidence of the affidavit, to which appellant’s counsel replied, “No objection.” If there was any defect in the execution of the affidavit because of the failure of the Justice of the Peace to properly administer to appellant the required oath, such defect was waived by appellant’s failure to object to the affidavit when offered in evidence by the State.
By his second point on appeal appellant urges that the proof fails to establish that the place to be searched under the warrant procured by appellant upon his allegedly false affidavit was within the territorial jurisdiction of the Justice of the Peace who took appellant’s oath and issued the warrant. Appellant argues that since the State failed to prove that the Justice of the Peace had jurisdiction of the place described in the search warrant, the warrant was void and the falsity of the affidavit made by him would be wholly immaterial and form no basis for the charge of perjury.
The statute relating to search warrants clearly provides that such a warrant may be issued only by a Justice of the Peace having territorial jurisdiction of the place to be searched.[2] It was held in Robinson v. State that the foregoing statute is to be strictly construed, and that affidavits made and search warrants issued thereunder must strictly conform to constitutional and statutory provisions.[3] In the Robinson case, supra, it was further held that: “The words, ‘having jurisdiction within the district where the place * * * to be searched * * * ’ appearing in Section 933.01, are words of limitation and under the Hart case, supra (Hart v. State, 89 Fla. 202, 103 So. 633), must be strictly construed.” It also appears to be the general law of Florida that in order to constitute perjury the false statement on which the prosecution is founded must be made in a proceeding or in relation to a matter that is within the jurisdiction of the court or officer before whom such proceeding is held, or by whom such matter is considered.[4] From the foregoing authorities it would appear that unless the place to be searched as described in the affidavit signed by appel *468 lant, and in the search warrant issued thereon, was within the territorial jurisdiction of the Justice of the Peace administering the ■oath and issuing the warrant, the search made thereunder would be invalid and anything secured as a result thereof would be suppressed upon proper motion. The record "before us is silent on the question of whether the place described in the affidavit and search warrant in question was within the territorial jurisdiction of the Justice of the Peace. Nor does it appear that any attack upon the affidavit or search warrant was made during the criminal prosecution involving the alleged unlawful sale and possession of the intoxicating beverages seized pursuant to the search made under that warrant. The record is clear, however, that when the search warrant in question was offered for evidence in the trial of the perjury case against appellant herein, no objection to its admission in evidence was made by appellant on any ground. In fact appellant’s counsel affirmatively announced to the court that he had no objection to the admission of the warrant in evidence. It is our view that the affidavit and search warrant, being regular and valid on their face, cast no burden on the State to prove that the place described in the affidavit and warrant were within the territorial jurisdiction of the Justice of the Peace who administered the oath to the affidavit, and issued the warrant. In order to have raised these questions, it was incumbent upon appellant to object to the introduction in evidence of the affidavit and warrant on the grounds now urged before us. Having failed to do so, he waived any objection he had to the validity of the affidavit or the regularity of the warrant.
By his last point on appeal appellant urges that the trial court erred in denying his motion for directed verdict because the State failed to prove that at the time the false affidavit was filed before the Justice of the Peace as a predicate for issuance of the search warrant, that Gadsden County was a dry county, thereby rendering illegal the possession or sale of intoxicating beverages. It is appellant’s position that unless the State established by competent evidence that Gadsden County was a dry county at the time the allegedly false affidavit was filed and search warrant issued thereon, the county judge’s court of Gadsden County would have had no jurisdiction to try the person whose premises were searched and in whose possession intoxicating beverages were found; and that if the court lacked jurisdiction over such an offense, appellant’s testimony given at the trial, even though false, could not constitute perjury.
There can be no quarrel with the proposition relied on by appellant that one of the elements of perjury which must be proved by the State is that the court in which the alleged perjury was committed had jurisdiction of the proceedings.[5] We do not agree, however, that any such question is presented by the case before us.
The trial judge was wholly justified in taking judicial notice of the statutes of this State which vest in the county judge’s court in a county such as Gadsden jurisdiction to try persons charged with the unlawful sale of intoxicating beverages, as well as the unlawful possession for the purpose of sale of such beverages. The possession or sale of intoxicating beverages is unlawful only in counties which have voted against the lawful sale thereof. In any such prosecution, one of the elements of the offense which the State has the burden of establishing is that the county in which the offense was committed had theretofore voted against the legal sale therein of intoxicating beverages. This is an item of proof which must be established in order to sustain a conviction of anyone charged with such an offense. Whether such element of the offense is proved by the State can have no bearing on the question of whether a witness swears falsely in the proceedings *469 growing out of the alleged offense.[6] We do not conceive that any burden rested upon the State in the case sub judice to establish that Gadsden County was a “dry” county at the time appellant filed the false affidavit which formed the predicate for the search warrant which issued, and at the time when appellant swore falsely as a witness in the prosecution of the offense growing out of the search made pursuant to the warrant.[7] If the person against whom appellant gave false testimony was convicted for unlawfully selling intoxicating beverages in a county where the sale was legal, the error would infect the validity of the judgment but not the court’s jurisdiction to entertain the action.
The judgment appealed is affirmed.
STURGIS, C. J., and MURPHREE, Associate Judge, concur.

. Markey v. State, 47 Fla. 38, 37 So. 53.

. F.S. § 933.01, F.S.A.
“ * * * A search warrant authorized by law may be issued by any judge, including the judge of any circuit court of this state or any court of record, or criminal court of record, or county judge, justice of the peace, or committing magistrate having jurisdiction within the district where the place, vehicle or thing to be searched may be.”

. Robinson v. State, (Fla.App.1960) 124 So.2d 714, 716.

. 25 Fla.Jur. 19, Perjury — § 17.

. 25 Fla.Jur. 44, Perjury — § 49.

. United States v. Williams et al., 341 U.S. 58, 71 S.Ct. 595, 95 L.Ed. 747.

. Benitez v. State, (Fla.App.1965) 172 So.2d 520, Second Dist Court of Appeal. Opinion filed February 24, 1965.