413 So.2d 798 (1982)
STATE of Florida, Appellant,
v.
Marion Alford BOWEN, Appellee.
No. AF-449.
District Court of Appeal of Florida, First District.
April 15, 1982.
Rehearing Denied May 21, 1982.
*799 Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellant.
Lacy Mahon, Jr., of Mahon, Mahon & Farley, P.A., Jacksonville, for appellee.
WIGGINTON, Judge.
The State has appealed the order of the trial court granting Bowen's Motion to Dismiss Count I of the information charging him with a violation of Florida's Racketeer Influenced and Corrupt Organization Act (RICO Act). The issue presented on appeal is whether Florida's RICO Act is applicable to an individual conducting a sole proprietorship in a pattern of racketeering activity. Our review of the history of the Act and of the statutory language compels us to answer that question in the affirmative. We therefore reverse.
The facts are undisputed and show that Bowen, the sole proprietor of a mini-storage warehouse in which he bought and sold gold and silver, was the subject of a general investigation of gold and silver dealers jointly initiated by the Florida Department of Law Enforcement and the Jacksonville Sheriff's office in January, 1981. As a result of the investigation, Bowen was arrested and charged by information with violation of Florida's RICO Act, Section 943.462(3), Florida Statutes (1979), and three separate counts of dealing in stolen property in violation of Section 812.019, Florida Statutes (1979). Bowen filed a Motion to Dismiss, challenging Count I for failure to properly charge the commission of an offense. The trial court granted Bowen's motion, thereby dismissing the RICO count.
The Florida RICO Act was enacted to resist organized crime from infiltrating and corrupting legitimate businesses by providing an outlet for illegally obtained capital, from harming innocent investors, entrepreneurs, merchants and consumers, and from interfering with free competition and thereby constituting a substantial danger to the economic and general welfare of the state. See generally Note, Racketeers and Non-Racketeers Alike Should Fear Florida's RICO Act, 6 F.S.U.L.Rev. 483 (1978); and State v. Whiddon, 384 So.2d 1269 (Fla. 1980). Specifically, Section 943.462(3) makes it unlawful for any person "employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt." Bowen argues, however, that that section does not contemplate an individual associating with an "enterprise" that is himself, in a "pattern of racketeering activity." On the contrary, the plain and unambiguous language of the statute would suggest otherwise.
To begin, "racketeering activity," as defined by Section 943.461, Florida Statutes, specifically includes Section 812.019, prohibiting the trafficking in stolen property, the offense with which Bowen was charged. See Section 943.461(1)(a)15.
Moreover, "enterprise," as defined by subsection 943.461(3), means "any" individual or sole proprietorship. The inclusion of "any" within the definition clearly suggests a legislative intent to direct the thrust of the RICO Act against an individual "associating with himself." Had the legislature not intended to reach individuals such as Bowen, it could easily have narrowed the sweep of Section 943.461(3), by supplanting "any" with "another." United States v. Turkette, 452 U.S. 576, 577-581, 101 S.Ct. 2524, 2526-2528, 69 L.Ed.2d 246, 251-253 (1981); Accord United States v. Elliot, 571 F.2d 880 (5th Cir.1981) (Fifth Circuit, interpreting the Federal RICO Act, 18 U.S.C. §§ 1961 et seq., against which Florida's Act is patterned, held that number of persons making up an enterprise to be irrelevant in that "even a single individual may be considered an `enterprise' under the statutory definition").
Consequently, as the trial court's order, dismissing Count I of the information, was *800 premised on the theory that Bowen necessarily had to have associated with a second person or legal entity in order for his offense to be a violation of the RICO Act, it was based on a misinterpretation of the statute and accordingly is reversed.
JOANOS and THOMPSON, JJ., concur.