465 So.2d 1266 (1985)
Wayne COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-243.
District Court of Appeal of Florida, Second District.
February 22, 1985.
Rehearing Denied March 28, 1985.
*1267 Mark Krasnow, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Peggy A. Quince and Katherine V. Blanco, Asst. Attys. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Wayne Collins appeals his conviction for trafficking in marijuana. He contends that the search warrant which authorized the search of his apartment was defective because the supporting affidavit was not sworn to by the police officer. We agree and reverse.
At the hearing on appellant's motion to suppress, the police officer testified that through a confidential informant he developed probable cause to believe that there was marijuana at appellant's apartment. On a Sunday he prepared an affidavit and search warrant and located Collier County Judge Hugh D. Hayes at church. Judge Hayes questioned the officer about the contents of the affidavit and the reliability of the informant. Judge Hayes then requested that the officer sign the affidavit. Thereafter, the judge also signed the affidavit form and the search warrant. The officer testified that Judge Hayes never placed him under oath but that he knew the judge and, in answer to Judge Hayes' question, stated that he was telling the truth. The officer also testified that he knew the meaning of an oath and, as a law enforcement officer, had been placed under oath thousands of times.
A subsequent search of appellant's apartment produced over 100 pounds of marijuana located in a closet. The trial court found that the officer's signing of the affidavit was an oath and denied appellant's motion to suppress the fruits of the search.
Section 933.04, Florida Statutes (1983),[1] requires that no search warrant shall issue unless upon probable cause supported by oath or affirmation. Webster's New Universal Unabridged Dictionary (2d ed. 1983) defines an oath as "a solemn affirmation or declaration made with an appeal to God or some revered person or object for the truth of what is affirmed." Black's Law Dictionary (4th ed. 1968) states that an oath is "any form of attestation by which a person signifies that he is bound in conscience to perform an act faithfully and truthfully. An affirmation of truth of a statement, *1268 which renders one willfully asserting untrue statements punishable for perjury." (citations omitted).
The key to a valid oath is that perjury will lie for its falsity. Such an oath must be an unequivocal act in the presence of an officer authorized to administer oaths by which the declarant knowingly attests the truth of a statement and assumes the obligations of an oath. Markey v. State, 47 Fla. 38, 37 So. 53 (Fla. 1904); Youngker v. State, 215 So.2d 318 (Fla. 4th DCA 1968). It is essential to the offense of perjury that the statement considered perjurious was given under an oath actually administered. Markey; Nix v. State, 173 So.2d 465 (Fla. 1st DCA 1965).
In this case, the police officer testified that he was not sworn before signing the affidavit. He did no unequivocal act by which he attested to the truth of his statements. If the statements had been false, he could not have been prosecuted for perjury because no oath was ever administered. His answer to the judge that his statements were true was a mere assertion of truth, not an oath.
The state contends that the officer's good faith belief that his obligation to tell the truth to the judge was a sufficient oath should prevent the operation of the exclusionary rule. In United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and Massachusetts v. Sheppard, ___ U.S. ___, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984), the United States Supreme Court recently held that the exclusionary rule should not be applied when a police officer acts in reasonable reliance on a search warrant issued by a detached and neutral magistrate which is subsequently determined to be invalid.
We do not believe that a search warrant unsupported by an oath is a mere technicality that good faith can cure. An oath is basic to the validity of the supporting affidavit and the ensuing warrant. It has often been held that statutes and rules authorizing searches and seizures must be strictly construed. Therefore, affidavits and warrants must meticulously conform to statutory and constitutional provisions. State v. Tolmie, 421 So.2d 1087 (Fla. 4th DCA 1982); Hesselrode v. State, 369 So.2d 348 (Fla. 2d DCA 1979). Section 933.06, Florida Statutes (1983),[2] as well as our federal and Florida Constitutions, require a sworn basis for a search warrant.
The fourth amendment to the United States Constitution and article I, section 12 of the Florida Constitution provide that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. As we stated in Hesselrode v. State,
Save for the First and Fifth Amendments, the Fourth Amendment, from which we receive Section 12 to Article I of our own Florida Constitution, is probably most important to the liberty of all freedom loving citizens. One cannot sit idly by and observe its meaning be slowly eroded away even by well-meaning police and prosecutors.
369 So.2d at 351.
We fought a war to obtain these rights. This Nation pledged its wealth, its goods, its lives and many, many lives were, in fact, lost fighting that war against a then autocratic, dictatorial government to gain these rights. These rights were not easily won or wrestled away from that government across the sea whose agents here did their will at their whim in violating their own *1269 citizen's homes, papers, and persons by searches without cause, much less probable cause, but on mere suspicion or personal whim. The then continentals were often treated as merely chattels without rights. It was not merely because of a tea tax that this Nation fought the sovereign across the sea  it was not merely taxation without representation that this Nation undertook a cruel and lengthy war  it was more than that. It was to secure freedom for all peoples of this Nation, all citizens  not just a preferred few. And because of the abuses of power of the government across the sea, abuses directly against our pioneering predecessors, our founding fathers correctly believed that it was right, meet and proper that those abuses should not ever again be given a chance to be inflicted upon the citizenry under its new government; so much so, that inhibitions against the new government in the form of a Bill of Rights and other amendments to the Constitution were written down and passed into law, to be a permanent and basic, fundamental law of the land, forever protecting the citizens from despotism and the threat of its reappearance in this land.
The Fourth District in State v. Tolmie held that the failure of an affiant to subscribe to the supporting affidavit invalidated the warrant. We choose also to require strict compliance with the statute and hold that the failure of an affiant to swear to the truth of the supporting affidavit invalidates the warrant. The trial court erred in denying appellant's motion to suppress the fruits of the search based on the invalid warrant.
Accordingly, we reverse appellant's conviction and remand to the trial court for a new trial. We have reviewed appellant's other points on appeal and find no merit to them.
Reversed and remanded.
LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.
NOTES
[1] Section 933.04, Florida Statutes (1983), provides:

Affidavits.  The right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated and no search warrant shall be issued except upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the person and thing to be seized.
[2] Section 933.06, Florida Statutes (1983), provides:

Sworn application required before issuance.  The judge or magistrate must, before issuing the warrant, have the application of some person for said warrant duly sworn to and subscribed, and may receive further testimony from witnesses or supporting affidavits, or depositions in writing, to support the application. The affidavit and further proof, if same be had or required, must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist.