532 So.2d 1112 (1988)
STATE of Florida, Appellant,
v.
Brian Keith SMITH, Appellee.
No. 87-3028.
District Court of Appeal of Florida, Second District.
October 19, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellee.
FRANK, Acting Chief Judge.
The state challenges two of the trial court's actions: the dismissal of the charges which were predicated upon the Racketeer Influenced and Corrupt Organization (RICO) Act, and the suppression of certain statements uttered by the defendant while in custody. We affirm on both points.
Smith was charged in a fourteen-count information with five counts of armed robbery, three counts of aggravated battery, one count of grand theft, one count of aggravated assault, one count of attempted robbery, one count of battery, one count of robbery, and one RICO count. The crimes occurred during February and March, 1987; and Smith allegedly acted alone.
The RICO violation was bottomed on the theory that Smith himself constituted *1113 a criminal "enterprise" as that term is used in section 895.03(3), Florida Statutes (1987):
It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity... .
Smith moved to dismiss the RICO charge asserting that a sole actor cannot comprise an enterprise. An "enterprise" is defined in section 895.02(3), Florida Statutes (1987) as:
... any individual, sole proprietorship, partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.
From the foregoing portion of RICO it does appear that an individual may fit within the meaning of an enterprise, and under certain circumstances that has been found an appropriate application of the statute. See, e.g., State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1982), rev. denied, 424 So.2d 760 (Fla. 1983).
The problem we perceive, however, is that Smith was charged in the information with being associated with an enterprise, described as the "acquisition or attempted acquisition of monies by the commission of robberies, attempted robberies or thefts, by the said Brian Keith Smith." Hence, the question becomes whether Smith can be both the associated "person" and the "enterprise" within the meaning of section 895.03(3), Florida Statutes. The third district, in State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988), expressed a persuasive negative answer. There the court discerned that the legislature, and Congress as well in its RICO enactment, by use of the words "employed by or associated with," anticipated that an enterprise would exist independently from the person charged. Even in cases such as Bowen, which involved only one person, there was "a separate and identifiable entity" through which the criminal activity was conducted. Bowen, for example, was the sole proprietor of a warehouse business, an enterprise, out of which he illicitly bought and sold gold and silver.
Based upon our assessment of the record and following the Nishi analysis, we conclude that the trial court correctly dismissed the RICO count. Smith was simply a young man on a crime spree  a lone actor who undertook a random series of illegal acts  not properly chargeable with a RICO violation.
The trial court also suppressed certain statements made by Smith during police interrogation. After Smith had been arrested for armed robberies occurring at Joy Food Stores and Prestige Pools, Smith invoked his right to counsel at his first appearance on April 4, 1987. Subsequently, on April 14, police investigators questioned him concerning three other robberies. At one point, when Smith asked whether his lawyer should be present, an officer responded that the lawyer did not have to be there. After a hearing, the court ultimately suppressed statements and evidence obtained from the April 14 interview.
The Supreme Court has recently spoken in this very situation. In Arizona v. Roberson, ___ U.S. ___, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988), the court fashioned a "bright line" rule prohibiting police-initiated interrogation related to a separate investigation once the accused has asserted his right to counsel. The Roberson rule is applicable even in the circumstance where the later questioning is conducted by an officer without knowledge of the accused's prior invocation of the right to counsel. We note, however, that we find the police conduct in this case particularly egregious because the officer specifically misled Smith about his right to have an attorney present at the April 14 interview.
Based upon the foregoing, we affirm the trial court.
HALL and PARKER, JJ., concur.