541 So.2d 1202 (1988)
Timothy Jerome DAY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3191.
District Court of Appeal of Florida, Second District.
November 30, 1988.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The defendant, Timothy Day, appeals his conviction of racketeering under the Florida RICO (Racketeer Influenced and Corrupt Organization Act) under section 895.03(3), Florida Statutes (1985), and the sentences imposed for his convictions of robbery with a firearm, robbery with a deadly weapon, and attempted robbery with a deadly weapon. The charging documents alleged and the evidence at trial disclosed that Day robbed or attempted to rob fourteen convenience stores during one month. The information alleged that Day himself was an "enterprise" for RICO purposes. Day argues that a lone robber acting by himself does not constitute an "enterprise" *1203 as defined in section 895.02(3), Florida Statutes (1985). We agree.
The state did not present any evidence to show that Day acted in concert with another person, organization, or entity. This situation is similar to State v. Smith, 532 So.2d 1112 (Fla. 2d DCA 1988). In Smith, this court upheld the dismissal of a RICO count against a lone actor who committed various illegal acts including armed robbery, assault, and battery. See State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988)(dismissal of RICO charge affirmed where defendant had acted alone in committing several counts of armed robbery). It may be that in some instances a lone actor can be considered an enterprise for RICO purposes when the business is distinct from the individual. There must, however, be a separate and identifiable entity through which criminal activity is conducted. See State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1982), review denied, 424 So.2d 760 (Fla. 1983) (RICO conviction upheld where defendant was the sole proprietor of a warehouse business, an enterprise, out of which he illicitly bought and sold gold and silver).
The State urges that we reject Nishi and follow Bowen. This argument portrays the two cases as being diametrically opposed. We think the two cases are reconcilable because they address different factual situations: Nishi concerns the true lone actor, while Bowen concerns a sole proprietor of a warehouse business, an enterprise, out of which he illicitly bought and sold gold and silver.
Here, Day's situation is identical to the defendants' in Nishi and Smith. Like them, he acted alone in a series of armed robberies. Therefore, we reverse his conviction on the RICO count, vacate his sentence, and direct that the scoresheet points for that offense be removed from his guidelines scoresheet.
Day also complains about other aspects of his sentencing including the consecutive life terms imposed when the recommended guidelines sentence was life with a mandatory minimum, as well as the manner in which his sentence was imposed, and the reasons given for the departure. We need not reach these issues because due to our decision on the RICO conviction, the entire sentencing process must be redone.
Reversed and remanded for proceedings consistent with this opinion.
SCHOONOVER and HALL, JJ., concur.