553 So.2d 730 (1989)
STATE of Florida, Appellant,
v.
Terry JOHNSTON, Appellee.
No. 89-00708.
District Court of Appeal of Florida, Second District.
December 13, 1989.
*731 Robert A. Butterworth, Atty. Gen., Tallahassee and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
Elliott C. Metcalfe, Jr., Public Defender and Thomas W. Kurth, Asst. Public Defender, Sarasota, for appellee.
RYDER, Judge.
The opinion filed in this cause on October 27, 1989 is withdrawn and this opinion is published in lieu thereof.
The county court of Sarasota County certified to us a question of great public importance. This court exercised its discretion to review the appeal under Florida Rule of Appellate Procedure 9.030(b)(4)(A) and accepted the question.
A Florida Highway Patrol trooper arrested appellee for driving under the influence (DUI) after appellee performed certain roadside sobriety tests. Thereafter, the trooper read to appellee his implied consent rights and requested that he submit to a chemical breath test for the purpose of determining the alcohol level in his blood. The trooper also informed appellee that refusal to take the test would result in a license suspension for one year or eighteen months if his license had been previously suspended as a result of a refusal to submit to a chemical test. Appellee was further advised that refusal to submit to the test could be used against him in court. After one unsuccessful attempt to perform the test, appellee refused to make another attempt and the trooper "wrote him up" for refusal.
The "Refusal to Submit to Breath, Urine or Blood Test" affidavit requires the attesting officer to swear under oath to the facts contained in the affidavit. In this case, the trooper who arrested appellee signed the affidavit form on the signature line as provided. Directly below the signature line is the statement, "THIS AFFIDAVIT MUST BE NOTARIZED OR ATTESTED TO (F.S. 117.10)." Beneath the foregoing statement on the form are three lines labeled "signature of attesting officer," "title," and "date." The trooper failed to sign as attesting officer and, in fact, failed to complete all three spaces.
After listening to testimony and receiving evidence during a hearing on appellee's petition challenging the refusal, the trial judge found that the trooper did not swear to the truth of the facts in the affidavit form. There is record support of this finding.
In its order, the trial court found that the trooper had reasonable cause to believe appellee was driving under the influence and, thus, had lawfully placed him under arrest. The court found that appellee refused to submit to the breath test, and was correctly advised of his implied consent warnings under section 322.261(3)(d), Florida Statutes (1987). Reasoning that section 322.261(1) requires an arresting officer to *732 swear to the facts contained in the refusal affidavit and that the failure of the officer to do so results in a lawful refusal under section 322.261, the court found there was, in fact, a lawful refusal in this case. Thereafter, the court certified to us the following question to be of great public importance:
IN A PROSECUTION UNDER SECTION 361.193, FLORIDA STATUTES, FOR DRIVING UNDER THE INFLUENCE, IF THE ARRESTING OFFICER DOES NOT SWEAR TO THE AFFIDAVIT OF REFUSAL SENT TO THE DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES IN TALLAHASSEE, AND THE REFUSAL OTHERWISE MEETS THE REQUISITES OF AN UNLAWFUL REFUSAL UNDER SECTION 322.261(3), FLORIDA STATUTES, SHOULD THE REFUSAL BE DEEMED A LAWFUL REFUSAL UNDER SECTION 322.261, FLORIDA STATUTES?
Under section 322.261(1), where a person refuses to submit to a breath test when an officer has reasonable cause that the person is driving under the influence of alcohol or drugs, the Department of Motor Vehicles "shall suspend" the person's privilege to operate a motor vehicle "upon receipt of the officer's sworn statement" of reasonable cause. (Emphasis added.) Under section 322.261(3), the question of whether the person "lawfully refused" to be tested is determined by four factors set forth in subsections (a)-(d). However, none of these subsections state that the existence or absence of an officer's sworn statement is a factor in determining whether there was a lawful refusal. Accordingly, the lack of a sworn statement is not the equivalent of a lawful refusal and we therefore answer the certified question in the negative. The lack of a sworn refusal affidavit does not operate to turn an otherwise unlawful refusal under section 322.261(3) into a lawful refusal. Thus, the trial court erred and we reverse its order dismissing the charge herein. However, the trial court should not have reached this issue. In this case, the specific issue is whether the Department of Motor Vehicles was entitled or empowered to go forward in its attempt to suspend appellee's license when it had not received the officer's "sworn statement" as required under section 322.261(1); for reasons explained below, we believe the Department would not have the authority to do so.
An examination of chapter 322 (Drivers' Licenses) reveals that in other sections of the chapter, the legislature has carefully used specific language to dictate under which circumstances the department may cancel, revoke or suspend a person's license. Various sections within the chapter contain procedural requirements with which the legislature intends the department to comply before embarking upon an action which would effect a person's driving privilege. For example, section 322.251(2) sets forth the explicit notice requirements the department must observe before cancelling, revoking or suspending a person's license. In section 322.261, the legislature specifically requires the officer to swear there is reasonable cause to believe the person had been driving or in physical control of a motor vehicle while under the influence of alcohol or controlled substances and refused to submit to a test. Thus, in consideration of this specific requirement, we hold that where there is a failure to provide a sworn statement, there is no reasonable cause inasmuch as the attempted affidavit containing the facts alleging that the person refused to submit to a test, sans an oath, is a nullity.
A sworn statement requires an oath. The state argues that the physical act of swearing to the refusal affidavit is nothing more than an artificial act which places form over substance. If we were to accept this argument, we would create enormous mischief in the law concerning untold numbers of present statutory requirements. Such an argument could be used to justify the failure to give oath in every instance where an oath is required. Contrary to the state's stance, an oath is not merely a physical, artificial act which is devoid of meaning. Rather, the main purpose of the requirement of obtaining a valid oath is that perjury will lie for its falsity. See *733 Markey v. State, 47 Fla. 38, 37 So. 53 (Fla. 1904); Collins v. State, 465 So.2d 1266, 1268 (Fla. 2d DCA 1985). In order to commit the offense of perjury, a statement must be given under an oath which was actually administered. Markey; Collins, 465 So.2d at 1268; Nix v. State, 173 So.2d 465, 467 (Fla. 1st DCA 1965). An oath is an unequivocal act, before an officer authorized to administer oaths, by which the person knowingly attests to the truth of a statement and assumes the obligations of an oath. Collins, 465 So.2d at 1268; Youngker v. State, 215 So.2d 318, 321 (Fla. 4th DCA 1968).
In Collins, 465 So.2d at 1266, this court rejected the state's argument that an affidavit which was unsupported by an oath was a mere technicality that "good faith" could have cured. In the Collins case, a judge issued a search warrant based upon facts given by a police officer in that officer's so-called affidavit. Unfortunately, the judge failed to place the officer under oath prior to issuing the search warrant. Although, later, and during a suppression hearing, the officer testified he was telling the truth, this court held that the failure of the police officer to swear to the truth of the supporting affidavit invalidated the search warrant. We wrote that an oath is basic to the validity of the supporting affidavit and ensuing warrant. No less, in this case, is an oath basic to the validity of the refusal affidavit and the ensuing suspension procedure. "We receive the statutory law from the legislature and its interpretation from our Supreme Court, agreeing with some, disagreeing with some, following all, because our bondage to law is the price of our freedom." Johnson v. Johnson, 284 So.2d 231 (Fla. 2d DCA 1973).
Due process requires adherence to the legislature's mandate that before the Department of Motor Vehicles may initiate proceedings to suspend a person's privilege to operate a motor vehicle, it must first receive the arresting officer's properly sworn statement. There exists no such statement in this case.
We answer the certified question in the negative. We reverse and set aside the order of the trial court wherein it found appellee "lawfully refused" the breath test. We hold that the failure to furnish the Department of Highway Safety and Motor Vehicles with a statement of probable cause under oath fails to provide the department initial jurisdiction upon which it could proceed with any administrative action to suspend the person's privilege to operate a motor vehicle.
Unresolved by our opinion here is the question whether the state now may be permitted to obtain a properly executed statement of probable cause and further prosecute a proceeding to suspend appellee's license. We express no opinion in that regard as the question was not raised on appeal.
Certified question answered in the negative.
SCHEB, A.C.J., and PARKER, J., concur.