HALL, Judge.
Archie Parsley appeals from his judgment and sentence for racketeering, based on the underlying acts of grand theft, petit theft, and obtaining property in return for worthless checks. He argues that the trial court erred in denying his motion to dismiss the racketeering charge on the ground that he acted alone and therefore could not constitute an “enterprise” under the Racketeer Influenced and Corrupt Organization (RICO) Act, section 895.01-.07, Florida Statutes (1987).
The first count of the information stated that the appellant was “employed by or associated with an enterprise” and unlawfully participated in such enterprise, “through a pattern of racketeering activi-ty_” Further, it stated that, “[t]he enterprise consisted of ARCHIE JUNIOR PARSLEY, an individual who engaged in various criminal activities.... ”
We find that the trial court erred in failing to dismiss the RICO charge since, as the state concedes, the appellant acted alone in committing the underlying offenses. This court has held that a defendant acting alone cannot be an enterprise for purposes of the RICO Act. Day v. State, 541 So.2d 1202 (Fla. 2d DCA 1988), review denied, 545 So.2d 869 (Fla.1989); State v. Smith, 532 So.2d 1112 (Fla. 2d DCA 1988), review denied, 542 So.2d 990 (Fla.1989).
Accordingly, we vacate the appellant’s conviction for racketeering, and reverse and remand for correction of the judgment and sentence.
DANAHY, A.C.J., and PARKER, J., concur.