PER CURIAM.
On a theory that the defendant’s six criminal episodes over a seventy-day period constituted a “one-man crime wave” in violation of Florida’s criminal RICO statute, section 895.03, Florida Statutes (1985), the State consolidated all eighteen felony counts for a single trial. This appeal is taken from convictions and 1,698 years in sentences entered on all eighteen counts. We reverse.
At the conclusion of all the evidence, the court entered a judgment of acquittal on the RICO count finding, obviously, that there was no evidence of an essential criminal enterprise. See Boyd v. State (Fla. 3d DCA Case No. 88-1093) opinion filed Feb. 20, 1990) [15 F.L.W. 489]; State v. Nishi, 521 So.2d 252 (Fla. 3d DCA), rev. denied, 531 So.2d 1355 (Fla.1988). The cases were nevertheless submitted to the jury, in consolidated form, on grounds that they constituted connected acts or transactions. See Fla.R.Crim.P. 3.151(a).
In State v. Williams, 453 So.2d 824 (Fla.1984), the controlling authority, the supreme court, noting that its ruling is settled law in this state, held that where convictions were obtained on nine consolidated informations involving acts or transactions occurring over eight different days, and where the offenses were connected only by the fact that they were allegedly committed by the same defendant and were similar in nature, reversal was mandated. This case is indistinguishable.
Reversed and remanded for separate trials.