561 So.2d 1251 (1990)
Robert L. CRAVER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-02084.
District Court of Appeal of Florida, Second District.
May 18, 1990.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Robert L. Craver was tried by a jury and convicted of one count of racketeering in *1252 violation of section 895.03(3), Florida Statutes (1985), and nine counts of obtaining property in return for worthless checks, in violation of section 832.05(4), Florida Statutes (Supp. 1986). Nine counts of theft were dismissed on a motion for judgment of acquittal, but appear as convictions in a separate judgment. The appellant raises four issues on appeal. We find no error in the admission of the handwriting expert testimony at trial, but do find merit in the three remaining issues. We, therefore, reverse the racketeering conviction and one felony conviction for obtaining property in return for a worthless check and remand for correction of the judgment and for resentencing. We affirm the judgments in all other respects.
The appellant first contends that the trial court erred in denying his motion for judgment of acquittal on the racketeering count. We agree. The appellant was prosecuted as "a one-man enterprise" under the racketeering statute for obtaining property in return for more than two worthless checks. There was no evidence at trial that the appellant was employed by or associated with a separate enterprise. Under these circumstances, the appellant cannot be prosecuted or convicted of racketeering under section 895.03(3). Masonoff v. State, 546 So.2d 72, 74 (Fla. 2d DCA 1989) and State v. Smith, 532 So.2d 1112 (Fla. 2d DCA 1988), contra, State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1982). The trial court therefore erred in denying the appellant's motion for judgment of acquittal.
The appellant next contends that the trial court erred in denying his motion for judgment of acquittal on the charge of obtaining property in return for a worthless check in count eight of the information. We agree. Count eight charged that the appellant uttered a worthless check of $401.93 to an employee/clerk at Sears, and received merchandise in return for the check. However, the clerk did not testify at trial. Expert handwriting testimony at trial established that the appellant had written the check, but there was no evidence that the appellant received anything of value or that the appellant was the person who passed the check. § 832.05(2)(b) and (4)(a), Fla. Stat. (1985). Therefore, the trial court erred in denying the appellant's motion for judgment of acquittal on count eight.
The appellant next contests the accuracy of the judgment and the legality of the sentences. On July 2, 1987, the trial court orally sentenced the appellant to time served on the felony check charges. However, the written judgment and sentence reflect a sentence of two and one-half years' imprisonment followed by five years' probation, which does not comport with the oral pronouncement and exceeds the statutory maximum of five years. Also, a separate written judgment improperly reflects convictions for the theft charges which were dismissed during trial on a motion for judgment of acquittal. The state concedes error and agrees that resentencing is necessary.
In summary, the appellant's convictions and sentences for racketeering in count one, and obtaining property in return for a worthless check in count eight are reversed. We strike the convictions for the nine counts of theft. We affirm the remaining convictions for obtaining property in return for worthless checks and remand for resentencing on these charges.
We note that the recommended guidelines range in this case was seven to nine years' imprisonment, and that the trial court departed downward without giving written reasons for departure. On remand, we direct that a corrected scoresheet be prepared and that written reasons be filed if the trial court again departs from the recommended guidelines range. Florida Rule of Criminal Procedure 3.701(d)(11).
Affirmed in part; reversed in part, and remanded.
SCHEB, A.C.J., and FRANK, J., concur.