566 So.2d 868 (1990)
Aaron FLANAGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01641.
District Court of Appeal of Florida, Second District.
September 7, 1990.
*869 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The defendant, Aaron Flanagan, challenges his conviction of one count of violating the Racketeer Influenced and Corrupt Organization Act (RICO), section 895.03(3), Florida Statutes (1985), and eleven counts of dealing in stolen property, section 812.019, Florida Statutes (1985). We agree with the defendant's contention that he was improperly convicted under RICO, but we reject his arguments concerning his convictions for dealing in stolen property.
At trial, the state's evidence disclosed that in 1986 and 1987, officers from the Hillsborough County Sheriff's Office conducted a sting operation for the sale of stolen merchandise through a video tape store. During a five-month period, the defendant sold a variety of items on numerous occasions to several officers. The evidence revealed that these items were obtained by the defendant through criminal activity.
The defendant argues that the trial court erred in denying his motion for judgment of acquittal on the RICO charge because he essentially acted alone and an enterprise was not established. We agree.
Due to the enhanced sentences involved in RICO, it is essential that definitions used in RICO statutes be strictly construed in order to insure that criminal organizations, which are RICO's target, are distinguished from individuals who merely associate for the commission of crime. Atlas Pile Driving Co. v. DiCon Fin. Co., 886 F.2d 986, 996 (8th Cir.1989). Section 895.03(3) makes it unlawful for any person to conduct, participate in, or associate with an enterprise through a pattern of racketeering. An enterprise is characterized by three elements: (1) a structured organization that exists separately from the pattern of racketeering activity; (2) continuity of structure and personnel; and (3) a showing of a shared purpose. Boyd v. State, 15 F.L.W. 489 (Fla. 3d DCA Feb. 20, 1990). All three prongs must be present to establish an enterprise; none were present in the instant case.
First, here there was no structured organization existing separate from the pattern of racketeering. The defendant either stole or obtained stolen merchandise and sold it to undercover police officers. One person acting alone cannot be an enterprise unless that person uses a business entity as a conduit for criminal activity. Day v. State, 541 So.2d 1202 (Fla. 2d DCA 1988); State v. Smith, 532 So.2d 1112 (Fla. 2d DCA 1988), review denied, 542 So.2d 990 (Fla. 1989). Here, the defendant did not utilize a business.
Second, since there was no structured organization, there obviously could be no continuity of structure and personnel. The state argues that by participating with law enforcement, the defendant associated himself with a structured organization which operated in the same manner and with the same personnel. Under the facts of this case, the defendant was not an enterprise nor can we say that he worked through a business enterprise. Therefore, to accept the state's argument, we would have to hold that the sting operation itself was a criminal enterprise. This we cannot do. Even if we were to assume a structured organization and a continuity of structure from the police involvement, the third prong would still be absent.
Finally, there was no showing, nor could there be a showing, of shared purpose. *870 The law enforcement officers involved obviously had no intent to further any illegal business. Thus, the transactions between the defendant and the police did not involve a shared purpose because there was no culpable "meeting of the minds." This view is in accord with the principle that a defendant cannot be guilty of conspiring with a police officer. King v. State, 104 So.2d 730 (Fla. 1957); Tomlin v. State, 333 So.2d 500 (Fla. 2d DCA 1976).
We now turn to the defendant's contention that the trial court erred in denying his motion to sever the various dealing counts. He argues that the eleven transactions were not sufficiently connected to allow the trial court to consolidate the counts over his objection. Fla.R.Crim.P. 3.152(a). We disagree.
We recognize that it is improper to deny a motion for severance where the counts merely involve similar circumstances. Here, however, the record reveals that each incident was part of an ongoing series of dealing in stolen property. After the officers recruited the defendant, he developed a certain routine for selling the stolen goods. He initiated the sales, dealt with the same small group of officers, and the transactions generally occurred either at the video store or at his apartment. Further, the transactions occurred at routine intervals and were part of a common scheme or plan. Cf., Fed.R.Crim.P. 8(a). Thus, we find they constituted connected transactions, and the trial court did not abuse its discretion in denying the defendant's motion to consolidate.
Finally, we note that the most serious danger associated with consolidation is that a count which is weak in identification testimony may be improperly bolstered by identification testimony in another count. This danger is not present here, and we find no prejudice accrued to the defendant since the same group of officers was involved and testified about the defendant's identification and culpable mental state.
We find no merit to the defendant's remaining contention. Accordingly, we vacate his RICO conviction, affirm his convictions for dealing in stolen property, vacate his sentence, and remand for resentencing under the guidelines.
PARKER and PATTERSON, JJ., concur.