ALTENBERND, Judge.
David Howard appeals the summary denial of his motion to vacate judgment and sentence. We affirm.
Between April 1984 and January 1986, Mr. Howard apparently defrauded at least five people out of sizable quantities of money or property in some type of investment scheme. As a result, he was charged in *275 September 1987 with five counts of first-degree grand theft, one count of second-degree grand theft, and one count of racketeering. Although the allegations and record before us are limited, Mr. Howard does not allege that he ever challenged any of these counts by a motion to dismiss. We know that in 1987 Mr. Howard’s attorney arranged a plea agreement, which still seems very favorable. Mr. Howard pleaded nolo contendere and received concurrent 18-month sentences of incarceration on the six grand theft convictions. He received a consecutive sentence of 5 years’ probation on the RICO charge. Mr. Howard did not appeal his convictions or sentences.
After he had served his prison sentence, Mr. Howard violated his probation. As a result, he was sentenced to 5½ years’ imprisonment and 5 years’ probation on May 2, 1990. Shortly thereafter, Mr. Howard filed this motion to vacate sentence. Mr. Howard does not challenge the legality of any matter which occurred at his sentencing in May 1990. Instead, he challenges the legality of his conviction for the RICO violation in 1987. Thus, he must fall within an exception to the two-year limitation to receive any relief. Lamb v. State, 575 So.2d 310 (Fla. 2d DCA 1991).
Mr. Howard bases his motion on the fact that the Second District no longer recognizes a one-man enterprise as a RICO violation. State v. Smith, 532 So.2d 1112 (Fla. 2d DCA 1988); Masonoff v. State, 546 So.2d 72 (Fla. 2d DCA), review dismissed, 553 So.2d 1166 (Fla.1989). He observes that the state’s information in 1987 alleged that Mr. Howard, individually, was the “enterprise” for purposes of section 895.03(3), Fla. Stat. (1985).
The trial court ruled that Smith was not a sufficient change in the law to warrant postconviction relief. We agree. As a general rule, a retroactive change in law must be announced by the Florida Supreme Court or the United States Supreme Court to warrant postconviction relief. Witt v. State, 387 So.2d 922 (Fla.1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); Card v. Dugger, 512 So.2d 829 (Fla.1987). While there might be circumstances when this court’s explanation of preexisting substantive law could authorize postconviction relief, Mr. Howard’s case does not involve such circumstances. Our decision in Smith did not merely announce what the law had always been in this district. Indeed, there is substantial tension between our decision in Smith and the First District’s earlier decision in State v. Bowen, 413 So.2d 798 (Fla. 1st DCA), review denied, 424 So.2d 760 (Fla.1983). There is direct conflict between Bowen and Masonoff. Mr. Howard’s actions might not constitute racketeering in Tampa if committed in 1991, but it appears that his actions would constitute racketeering in Tallahassee if committed in 1991. When Mr. Howard was sentenced in 1987, the trial court was obligated to obey the holding in Bowen and was certainly authorized to follow any dicta from that decision which was persuasive. See Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982). Thus, we conclude that the defendant is seeking the benefit of a change in substantive law which has not been adopted by the Florida Supreme Court and which is not otherwise appropriate for postconviction relief at this time.
Even if this change had been announced by the Florida Supreme Court, it does not appear that the change would constitute harmful, fundamental error in this case. Certainly Mr. Howard's motion to vacate his sentence does not allege facts demonstrating such a harmful, fundamental error. It is clear that the negotiated plea agreement resulted in a sizable downward departure from the recommended sentence. Mr. Howard had no prior record and was scored on a category six score-sheet. Ignoring the RICO charge, his five second-degree felonies would have been the primary offenses. With the one additional third-degree felony, his scoresheet would have recommended incarceration for 2¾⅛ to 3V2 years. Thus, the 18-month sentence necessarily fell below the guidelines.
*276 Significantly, if one adds the RICO conviction to the scoresheet as an additional offense, this increases the score by fourteen points and does not change the recommended range.[1] As a result, if Mr. Howard had properly raised this issue before the trial court in 1987, it is inconceivable that he would have received a different, more favorable plea agreement. Any trial judge who was placed on notice that the RICO conviction might ultimately be reversed would simply have sentenced the RICO count as one of the numerous concurrent sentences of incarceration and would have placed Mr. Howard on probation for one of the grand theft charges.
We recognize that fundamental error is often difficult to define within the context of specific cases requesting post-conviction relief. Hamm v. State, 380 So.2d 1101 (Fla. 2d DCA 1980). If a one-man scheme is not a racketeering enterprise, one can forcefully argue that a conviction and sentence based on such an information involves a nonexistent crime and an error that “goes to the foundation of the case or goes to the merits of the cause of action.” Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976); see Vogel v. State, 365 So.2d 1079 (Fla. 1st DCA 1979). On the other hand, even though general sentences for several offenses are not permissible in Florida, we believe that fundamental error should be very cautiously applied to a plea agreement by which a defendant voluntarily disposes of several valid offenses as well as one questionable offense. When a package plea agreement provides a very favorable, legal sentence even when the questionable offense is disregarded, we do not believe that fundamental error should be applied to give a defendant a sentencing benefit that he would not have received had he made a proper objection at the time of his initial convictions and sentences. Cf. Hoover v. State, 530 So.2d 308 (Fla.1988) (a plea of convenience to a lesser crime which the defendant did not commit is not fundamental error).
Affirmed.
LEHAN, A.C.J., and PARKER, J., concur.

. Although the state used a category six score-sheet, we note that the RICO charge would have resulted in a substantially higher sentence if the state had correctly used a category nine score-sheet. See State v. Davis, 537 So.2d 192 (Fla. 2d DCA 1989).