Honorable Lawton Chiles Governor
QUESTION:
1) May a notary public who is also a court reporter notarize his or her certificate that a deposition transcript is true and correct or his or her certificate of nonappearance?
2) May a notary public administer an oath over the telephone to a person who is not in the presence of the notary?
3) May a notary public administer an oath to a person over the telephone if the attorneys for all interested parties stipulate as to the person's identity?
SUMMARY:
1) A notary public who is also a court reporter may not notarize his or her certificate that a deposition transcript is true and correct or his or her certificate of nonappearance.
2) A notary public may not administer an oath over the telephone to a person who is not in the presence of the notary.
3) A notary public may not administer an oath to a person over the telephone even though the attorneys for all interested parties stipulate as to the person's identity. The use of an interactive video and telephone system where the participants can see and hear each other, however, would appear to satisfy the purpose of requiring the personal presence of the affiant, i.e., that the officer administering the oath can identify the individual as the person who actually took the oath. However, it may be advisable to seek legislative or judicial clarification through the crafting of legislation or rules to accomplish this.
AS TO QUESTION 1:
You state that most court reporters are also notaries and that they perform two separate functions when taking a deposition or other sworn testimony. As notaries, they administer an oath and certify that the person's statement was made under oath.[1]
As court reporters, they report the testimony and certify the accuracy of the transcript.[2] Some notaries public/court reporters combine these two certificates and apply their notary seal while others separate the two certificates and apply their notary seal only to the oath. Others notarize their own certificates of nonappearance.
You note that the application of their notary seals to the certificate that an oath was administered is authorized by statute.[3] However, you question the application of a notary's seal to the certificate of correctness or the certificate of nonappearance because it constitutes an acknowledgment and notaries are prohibited from taking their own acknowledgment.
Section 117.05(1), F.S. (1992 Supp.), provides in pertinent part that "it is unlawful for a notary public to notarize his own signature." I am not aware of, nor have you drawn my attention to, any provision excepting court reporters from the above prohibition. Where the Legislature directs how a thing is to be done, that is, in effect, a prohibition against it being done in any other way.[4]
Moreover, s. 29.06, F.S., provides:
 The report of such official stenographer, when written out in long-hand writing or printed in type and certified to by him as being a correct transcript of the testimony and proceedings in the case, shall be prima facie a correct statement of such testimony and proceedings; provided that his signature to such certificate be duly acknowledged by him before a notary public or some other judicial official of this state.
The above statute would appear to contemplate that a court reporter make a certificate as to the accuracy of the transcript and have his or her signature acknowledged by someone other than the court reporter making the certificate.
Accordingly, a notary public who also serves as a court reporter is, in my opinion, prohibited from notarizing his or her own certificate that a deposition is correct or a certificate of nonappearance. A notary public/court reporter should, therefore, make two separate certificates: one certifying that an oath was administered with their notary seal applied and the other certifying that the deposition was taken and the transcript is accurate. This second certification should be notarized by a notary public other than the notary public/court reporter certifying the accuracy of the transcript. Such an analysis would appear to be equally applicable to certificates of nonappearance.
AS TO QUESTION 2:
Section 117.05(6)(a), F.S. (1992 Supp.), states:
A notary public may not notarize a signature on a document if:
(a) The person whose signature is being notarized is not in the presence of the notary public at the time the signature is notarized.[5]
You state that the reference to documents in the above statute raises the question of whether the statute applies to an oral statement that is not signed. You note, however, that s. 117.03, F.S. (1992 Supp.), requires a notary public to certify in his or her certificate of acknowledgment or jurat exactly what type of identification he or she is relying upon,[6] and this language appears to require the person giving the oath to be in the presence of the notary for identification purposes.
Florida courts have stated that a valid oath must be an unequivocal act made in the presence of an officer who is authorized to administer oaths in which the declarant knowingly attests to the truth of the statement and assumes the obligations of an oath.[7] The key to a valid oath is that perjury will lie for its falsity.[8] Thus, an affiant is required to be in the personal presence of an officer administering an oath, not to the end that the officer knows him to be the person he represents himself to be, but that he can be certainly identified as the person who actually took the oath.[9]
This purpose cannot be accomplished by a notary public administering an oath over the telephone.
In light of the above, I am of the opinion that a notary public may not administer an oath to a person who is not in the presence of the notary.
AS TO QUESTION 3:
You state that notaries have asked whether they may rely upon a stipulation from the parties or their attorneys as to a deponent's identification. As discussed in Question Two, the courts of this state have indicated that in order for an oath to be valid, it must be an unequivocal act made in the presence of an officer authorized to administer oaths in which the declarant knowingly attests to the truth of the statement and assumes the obligations of an oath.
The purpose of requiring the personal presence of the affiant appears to be that the officer administering the oath can identify that individual as the person who actually took the oath, not that the officer knows him to be the person he represents himself to be. This purpose would not be satisfied by the interested parties stipulating as to the person's identity. Accordingly, I am of the opinion that a notary public may not administer an oath to a person over the telephone even though the attorneys for all interested parties stipulate as to the person's identity.
However, the taking of depositions by telephone represents an efficient and cost-saving procedure.[10] The conclusion reached in this opinion does not preclude depositions by telephone; arrangements could be made for a notary public to be present where the affiant is located to administer the oath. Moreover, with the advances in technology, it is possible to conduct a deposition through the use of interactive video and telephone system where the participants can hear and see each other. In such cases, the purpose of requiring the affiant to be in the presence of the officer administering the oath, i.e., that the officer can identify the individual as the person who actually took the oath, would appear to be satisfied. Inasmuch as the powers of a notary public, as an officer of the state, are coextensive with the territorial limits of the state,[11]
the participants using such an interactive video and telephone system should be located within the state. It may be advisable to seek legislative or judicial clarification through the crafting of legislation or rules to accomplish this.
[1] See, s. 117.03, F.S.
[2] See, Ch. 29, F.S., and Fla.R.Jud.Admin. 2.070.
[3] See, ss. 92.50(1) and 117.03, F.S.
[4] Alsop v. Pierce, 19 So.2d 799 (Fla. 1944).
[5] And see, s. 117.05(4), F.S. (1992 Supp.), requiring a notary public to "specify in his certificate or jurat which signature is being notarized and that the signer personally appeared before the notary public at the time of notarization."
[6] And see, s. 92.50(1), F.S.
[7] Collins v. State, 465 So.2d 1266 (2 D.C.A. Fla., 1985); Youngker v. State, 215 So.2d 318 (4 D.C.A. Fla., 1968); Markey v. State, 37 So. 53 (Fla. 1904).
[8] Collins v. State, supra.
[9] See, 67 C.J.S. Oaths Affirmations s. 5(a).
[10] Cf., Fla.R.Jud.Admin. 2.071, permitting a party to participate through the use of communications equipment in certain scheduled motion hearings and authorizing a judge, with the consent of all the parties, to direct that testimony of a witness be taken through communication equipment.
[11] See, State ex rel. Attorney General v. Burns,21 So. 295 (Fla. 1896) (state officer is an officer whose powers and duties are coextensive with the territorial limits of the state); cf., 67 C.J.S. Officers s. 190 (ordinarily an officer who holds an office for a particular political subdivision is powerless to perform an official act when beyond the territorial limits of the political subdivision).