**RENTCLUB, INC., a Florida corporation, Plaintiff,**

v.

**TRANSAMERICA RENTAL FINANCE CORPORATION, a Delaware corporation, Defendant.**

**No. 90–1452–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 3, 1991.

---

David M. Snyder, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, Fla., for plaintiff Rentclub, Inc. and counter-defendant Michael H. McCaskey.

Dennis Michael Campbell, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for defendant Transamerica Rental Finance Corp.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause came before the Court on Defendant Transamerica Rental Finance Corporation's Motion to Dismiss, or in the Alternative, to Strike and its Motion to Compel Separation of Counts, served December 31, 1990, and responses thereto filed January 25, 1991. Subsequently, Plaintiff amended its complaint, and as a result the Court considers the motion to dismiss in light of the newly amended complaint:

The Court finds that the Defendant's motions to dismiss are not appropriately granted; however, Plaintiff's allegations require further refinement.

In deciding whether to dismiss an allegation, the Court views the complaint in the light most favorable to the plaintiff. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint is dismissed when a plaintiff is unable to prove any set of facts that would entitle it to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). For a dismissal it must be clear to the Court that no set of facts would consistently support the allegations asserted in the complaint. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

The challenged complaint meets the requirements set out by the Supreme Court. Plaintiff asserts 1) tortious interference; 2) fraud; 3) negligent misrepresentation; 4) breach of fiduciary duty; 5) constructive fraud; 6) breach of statutory duty of good faith; 7) promissory estoppel; 8) violation

of the Texas Deceptive Trade Practices—Consumer Protection Acts (DTPC); and 9) violation of the federal Racketeer Influenced and Corrupt Organizations statute (RICO). Plaintiff's stated counts are based on the several sections of the complaint. First, the parties are defined, the jurisdiction is established and proper venue is asserted. Secondly, the general allegations by the Plaintiff set out facts which the Court views as the basis of the nine asserted counts.

Under the general allegations section, Plaintiff describes the nature of the rent-to-own business, the nature of the Defendant's business; the formation and development of Plaintiff's business; and then continues to set out the claims asserted. Considering these sections in the light most favorable to Plaintiff, the complaint as a whole includes sufficient facts that would entitle it to relief. Thus, the Court denies the *motion to dismiss*. However, the Court believes the complaint lacks specificity in appropriate areas and as a result the Court is requiring the Plaintiff to amend its complaint in accordance with the instructions below.

## COUNT II

In examining the Count II fraud claim, the Court applies Federal Rule 9(b). Rule 9(b) specifies that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. While it is true that the Plaintiff includes specific instances in its chronological narrative and then incorporates the narrative into its fraud claim, the narrative lacks the specificity required under the rule. Count II should not be a mere reflection of the narrative, *incorporating a broad group of specific facts*. Instead, Count II should explicitly state the circumstances constituting the fraud.

The Plaintiff should specifically identify the individuals who made the alleged misrepresentations, the time of the alleged fraud and the place of the alleged fraud. *Todd v. Oppenheimer & Co., Inc.*, 78 F.R.D. 415 (S.D.N.Y.1978). Plaintiff fails in Count II to name the individuals

who allegedly planned to make Defendant the nation's third largest rent-to-own chain. While the amended complaint identifies individuals in paragraphs 24–27, 44–57, 58–68, 69–88, 89–107, and 120–129, their specific statements to organize, orchestrate, and commence the alleged plan are lacking. Statements by individuals should be in concert with the alleged plan to make Defendant the nation's third largest rent-to-own chain.

Fortunately, Plaintiff is on the right track by including dates, times, and names in the amended complaint, but more work needs to be done. For instance, in paragraph 24(g) the words "falsely represented" are used without further specificity. Instead, Plaintiff should quote or paraphrase the words by Hagen and Bourne which constituted the false representation. Thus, dates, times, and names should be used to allege paraphrased or quoted statements by Defendant, and these statements must have been made in organizing, orchestrating, and commencing the plan to be the nation's third largest rent-to-own chain. The reason for requiring greater specificity in fraud cases is because there is a higher chance of causing injury to a party's reputation.

In amending Count II, Plaintiff should avoid the use of opinions. Texas law generally views expressions of opinion as nonactionable. *Presidio Enterprises, Inc. v. Warner Bros. Distributing Corp.*, 784 F.2d 674 (5th Cir.1986). While the Texas Supreme Court in *Trenholm v. Ratcliff*, 646 S.W.2d 927 (Tex.1983), recognized three exceptions to the general rule, this Court believes that statements of fact should be alleged. Facts can be determined to be true or false through empirical verification while opinions can't. *Presidio*, 784 F.2d at 679.

If Plaintiff follows Rule 9(b), by pleading specific facts, Paragraphs 112 through 115 of the original complaint should be clear of any vague terms. Words such as "prompt" and "wanted" are too vague for a fraud pleading. Specific statements of the perpetrator's present intent are most favorable to the pleading process. While it

is true that intentionally misrepresenting that one will perform an act in the future is the same as having a present intention not to perform that act, a lucid and understandable complaint will set out in detail how the perpetrator has present intent. Thus, in the spirit of Rule 9(b) the Court directs Plaintiff to re-allege Count II with the requisite specificity, excluding the previous vague words of paragraphs 112–115 of the original complaint and including more precise words in forming present intent.

### COUNT IX [1]

█ To further judicial economy and to enhance the Court's ability to adjudicate RICO claims, it would be advantageous for Plaintiff to file a statement of facts devoted to his RICO claims, such statements being provided to the Defendant. Therefore, Plaintiff will be required, within ten (10) days from the date of this Order, to file this statement in accordance with the following format:

### PATTERN OF RACKETEERING ACTIVITY

1. State each alleged RICO predicate act by defendant, complying with Rule 9(b), Fed.R.Civ.P., to the extent it is applicable.

2. State the specific statutory section that each alleged predicate act violates, separating alleged section violations in separate counts.

3. State how the predicate acts in combination satisfy the relatedness requirement. See *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

4. State how the predicate acts in combination satisfy the continuity requirement. See *H.J. Inc.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

5. The complaint must allege either: (1) a series of related acts extended over a substantial period of time, or (2) related predicate acts involving a distinct threat of long-term activity. *H.J. Inc.*, 492 U.S. at 242–43, 109 S.Ct. at 2902, 106 L.Ed.2d at 209–10.

6. Include time, place and how the pattern of acts occurred. See *Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir.1986).

7. State how the mail or wire fraud played an integral role in the scheme to bring the communicator's conduct within the ambit of the statutes. *United States v. La Ferriere*, 546 F.2d 182 (5th Cir.1977). Include a statement describing how the mailing or use of the wires is in furtherance of the scheme. *United States v. Hagler*, 708 F.2d 354 (9th Cir.1982). The statement should be more specific than stating "100 separate occasions" constituted a fraud.

### ENTERPRISE

8. State the name of the partnership, corporation, association, sole proprietorship, or other legal entity which allegedly constitutes the enterprise, or the names of the individuals comprising an association-in-fact which allegedly constitutes the enterprise.

9. If the alleged enterprise is a sole proprietorship, name the employees of that business. See *McCullough v. Suter*, 757 F.2d 142 (7th Cir.1985).

10. If the alleged enterprise is an association-in-fact, establish that it has a common or shared purpose, and continuity of structure and personality. See *U.S. v. Cagnina*, 697 F.2d 915 (11th Cir.1983).

11. Describe the structure, purpose, function, and course of conduct of the enterprise.

12. State whether the defendant is an employee, officer, director, or agent of the enterprise; or state the manner in which the defendant associated with the enterprise.

13. Describe how the activities of the enterprise affect interstate commerce. See *U.S. v. Barton*, 647 F.2d 224 (2d Cir.1981).

### RIGHT TO RELIEF UNDER 18 U.S.C. SECTION 1962(c)

14. Describe how the affairs of the enterprise were conducted through the pattern of racketeering activity. See *U.S. v. Webster*, 669 F.2d 185 (4th Cir.1982).

---

**1.** Count IX is equivalent to Count X of the amended complaint.

15. Describe how plaintiff was damaged, and how those damages were proximately caused by the RICO violation. See *O'Malley v. O'Neill*, 887 F.2d 1557 (11th Cir.1989).

RIGHT TO RELIEF UNDER 18 U.S.C. SECTION 1962(c)

16. Describe the alleged agreement to perform at least two of the predicate acts. See *Barton*, 647 F.2d 224 (2d Cir.1981).

17. Describe how the plaintiff was damaged, and how those damages were proximately caused by the conspiracy to violate RICO. See *O'Malley*, 887 F.2d 1557 (11th Cir.1989).

SOURCE OF FACTS

18. State the names of any witnesses relied upon for each of the preceding factual allegations.

19. Provide a list of documents relied upon for each of the preceding factual allegations.

CERTIFICATION

An attorney of record or Plaintiff *pro se* shall certify, pursuant to Rule 11, Fed. R.Civ.P., that "to the best of the signer's knowledge, information, and belief formed after *reasonable inquiry* it is *well grounded in fact* and is warranted by existing law."

COUNT VI

■ Defendant requests that the Court dismiss Count VI of the complaint, which alleges breach of the duty of good faith under Uniform Commercial Code (U.C.C.) Section 1-203. Since the parties agreed to the application of Texas law in the construction and enforcement of their financing agreements, the Court must look to see if Texas law adopts Section 1-203. In *Adolph Coors Co. v. Rodriguez*, 780 S.W.2d 477, 480-82 (Tex.Ct.App.1989) (citing *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 563 (Tex.1984)), Texas adopts U.C.C. 1-203. The complaint follows Rule 8(a)(2), Fed. R.Civ.P. setting forth a "short and plain statement" of Defendant's alleged breach of Section 1-203. Defendant, in opposition to this count, cites *Federal Deposit Insurance Corp. v. Coleman*, 795 S.W.2d 706 (Tex.1990), which held that the FDIC, as a secured creditor, owed no implied duty of good faith to the guarantors of a loan. At this point in the pleadings there is no need for Plaintiff to elaborate as to what type of duty there is, implied or explicit. The purpose of a complaint in federal court is to provide notice to the Defendant of Plaintiff's allegations. Count VI sufficiently fulfills this purpose.

COUNT VIII

■ Defendant challenges the validity of Count VIII which is based upon the Texas Deceptive Trade Practices—Consumer Protection Act. Defendant asserts that Plaintiff is not a "consumer" under the Act and because of this Plaintiff lacks standing. However, the Court believes that Plaintiff has sufficiently alleged facts to qualify as a "consumer." In *La Sara Grain Co.*, 673 S.W.2d 558, 566-67 (Tex.1984), the Texas Supreme Court held that a borrower is a "consumer" under the Texas Act if the borrower's objective in seeking or obtaining credit is to buy or lease a good or service. One of Plaintiff's primary uses of the money lent was for the purpose of acquiring inventory, which are "goods" within the meaning of the Texas Act (Paragraph 10). Furthermore, Plaintiff purchased "goods" from Defendant when it bought the assets of a rent-to-own store directly from Transamerica. (Paragraph 61-63). Undoubtedly Plaintiff is a "consumer" under the Texas Act. Thus, Plaintiff has standing to sue defendant for its alleged violation of the Act. Accordingly, it is

ORDERED that the motion to dismiss, as explicated above; the request for oral argument; and Defendant's motion for leave of Local Rule 3.01(b) be Denied and motion to compel separation of counts be Granted and Plaintiff shall have ten (10) days from this date to file its amended complaint and response to RICO order.

DONE AND ORDERED.