757 F.2d 142
 53 USLW 2474
 R.D. McCULLOUGH, II, and Utica National Bank, as trustee of
the R.D. McCullough, II, Self Employed Retirement
Plan, Plaintiffs-Appellees,
v.
Richard W. SUTER, d/b/a National Investment Publishing
Company, Defendant-Appellant.
 No. 84-1516.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 29, 1985.
Decided March 13, 1985.
 
 Gordon J. Arnett, Chicago, Ill., for defendant-appellant.
 Charles L. Glick, Burke, Bosselman, Freivogel, Weaver, Glaves & Ryan, Chicago, Ill., for plaintiffs-appellees.
 Before CUDAHY, POSNER, and FLAUM, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 The question for decision--one of first impression so far as we are able to determine--is whether a sole proprietorship can be an "enterprise" with which its proprietor can be "associated" within the meaning of a provision of the Racketeer Influenced and Corrupt Organizations Act (Title IX of the Organized Crime Control Act of 1970), 18 U.S.C. Sec. 1962(c), which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." There are no cases on the question and no pertinent legislative history.
 
 
 2
 Richard Suter, who under the name of the National Investment Publishing Company advises people about investments and buys coins for investment on their behalf, received $23,000 from the Utica National Bank to buy coins for R.D. McCullough's self-employed retirement account, which the bank manages. Suter represented that he used the money to buy coins, but he sent only three coins, together worth less than $10,000, to the bank, and the bank and McCullough brought this suit. Later Suter pleaded guilty to two counts of having used the mails to defraud coin investors such as the bank and McCullough, in violation of the federal mail-fraud statute. After a bench trial, the district court in this case found that Suter had defrauded the plaintiffs of $14,000, and awarded them treble their damages, plus attorney's fees, under the civil damages provision of the RICO statute, 18 U.S.C. Sec. 1964(c).
 
 
 3
 There is no question that Suter's fraudulent activity constituted a pattern of racketeering activity as that term is defined in the statute, or that Suter conducted the affairs of the National Investment Publishing Company through this pattern, or that this conduct caused the injury to the plaintiffs of which they complain. Hence they are entitled to recover damages under the RICO statute provided that a sole proprietorship can be an "enterprise" with which the proprietor can be "associated." We think it can be. The statute provides that " 'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. Sec. 1961(4). A sole proprietorship is a recognized legal entity, and, provided it has any employees, is in any event a "group of individuals associated in fact." Since it is obvious from the name of the statute ("... and Corrupt Organizations") that the enterprises to which the statute refers include criminal enterprises, and not just legitimate enterprises penetrated or looted by criminals, it would be passing strange to exclude proprietorships. After all, we do not suppose that "Murder Inc." was really a corporation; and we cannot believe that Congress would have wanted gangsters to be able to escape the clutches of section 1962(c) just by avoiding the corporate form, the partnership, or other forms of association named explicitly in section 1961(4)--especially in light of the last part of subsection (4) ("... and any union or group of individuals associated in fact although not a legal entity").
 
 
 4
 There would be a problem if the sole proprietorship were strictly a one-man show. If Suter had no employees or other associates and simply did business under the name of the National Investment Publishing Company, it could hardly be said that he was associating with an enterprise called the National Investment Publishing Company; you cannot associate with yourself, any more than you can conspire with yourself, just by giving yourself a nom de guerre. We therefore held in Haroco, Inc. v. American National Bank & Trust Co., 747 F.2d 384, 399-402 (7th Cir.1984), cert. granted, --- U.S. ----, 105 S.Ct. 902, 83 L.Ed.2d 917 (1985), that an enterprise (a national banking association in that case) could not associate with itself for purposes of section 1962(c). But Suter had several people working for him; this made his company an enterprise, and not just a one-man band; and all section 1962(c) requires, as we said in Haroco, is "some separate and distinct existence for the person [Suter] and the enterprise [National Investment Publishing Company]," 747 F.2d at 402.
 
 
 5
 It is true that if Suter were all by himself, and yet adopted the corporate form for his activity, he might well fall under section 1962(c), for the corporation would be an enterprise within the meaning of section 1961(4). And from this it could be argued that since subsection (4) defines enterprise so broadly, even a sole proprietorship is an enterprise and Suter is therefore caught by section 1962(c)--thus showing the absurdity of ever treating a sole proprietorship as an enterprise. But these cases are different. If the one-man band incorporates, it gets some legal protections from the corporate form, such as limited liability; and it is just this sort of legal shield for illegal activity that RICO tries to pierce. A one-man band that does not incorporate, that merely operates as a proprietorship, gains no legal protections from the form in which it has chosen to do business; the man and the proprietorship really are the same entity in law and fact. But if the man has employees or associates, the enterprise is distinct from him, and it then makes no difference, so far as we can see, what legal form the enterprise takes. The only important thing is that it be either formally (as when there is incorporation) or practically (as when there are other people besides the proprietor working in the organization) separable from the individual.
 
 
 6
 The other issues raised by Suter on this appeal have no possible merit. The judgment for the plaintiffs is
 
 
 7
 AFFIRMED.