521 So.2d 252 (1988)
The STATE of Florida, Appellant,
v.
Jorge NISHI, Appellee.
No. 87-577.
District Court of Appeal of Florida, Third District.
March 1, 1988.
Rehearing Denied April 1, 1988.
*253 Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Edward F. McHale, Ft. Lauderdale, for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
PER CURIAM.
The state appeals the dismissal of a charge that Jorge Nishi violated the Florida RICO (Racketeer Influenced and Corrupt Organization) Act. We affirm.
Nishi was charged with one count of violating the Florida RICO Act, section 895.03, Florida Statutes (1985), as well as with several counts of armed robbery. The defendant admitted to committing twelve robberies in seven days to support a crack cocaine addiction. By his motion to dismiss, Nishi admitted that the robberies constituted racketeering activity pursuant to section 895.02(1)(a)(16), Florida Statutes (1985) but claimed that he acted alone, and thus, could not by himself constitute an enterprise within the meaning of section 895.03 of the Florida RICO Act. Before a hearing was held on the motion, the parties entered into a plea agreement wherein Nishi pled nolo contendere to all counts and reserved his right to appeal a denial of his motion to dismiss the RICO charge. The state agreed to recommend a sentence of seven to nine years if Nishi prevailed on the motion and a sentence of seventeen years if the state prevailed. The trial court granted Nishi's motion; the state had reserved the right to appeal.
The pertinent section of the statute to be construed states: "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt." § 895.03(3), Fla. Stat. (1985). The issue before us is whether, within the meaning of section 895.03(3), the defendant can be both the "person" and the "enterprise." Basing our decision on the clear language of section 895.03(3) and on a series of cases which construe that same language in the federal RICO Act, 18 U.S.C.A. § 1962(c) (1984), we find that, given the facts of this case, the defendant cannot be charged with a RICO offense.
First, the language of section 895.03(3) requires that the accused be "employed by or associated with any enterprise." Applying that language to the case at hand, we would be required to find that Nishi, the person, was employed by or associated with Nishi, the enterprise. In other words, Nishi employed himself, or in the alternative, associated with himself. Such a reading of the language surely was neither Congress's nor the Florida Legislature's intent. The words "employed by or associated with" logically anticipate the enterprise being a separate entity, different from the person charged.
A number of federal cases have construed the RICO Act in just this way. The reasoning of the Seventh Circuit in McCullough v. Suter, 757 F.2d 142 (7th Cir.1985) and in United States v. DiCaro, 772 F.2d 1314 (7th Cir.1985), cert. denied, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986) is instructive. In McCullough, the court held that a sole proprietorship can be an "enterprise" with which its proprietor can be "associated." The defendant in McCullough ran the National Investment Publishing Company through which he advised people about investments and bought coins for investment on their behalf. In addition to having a "nom de guerre," as the court described it (id. at 144), the defendant employed and associated with others in carrying out his fraudulent activities. The court reasoned that he could not escape liability under section 1962(c) simply because he avoided the corporate form, the partnership, *254 or other forms of association. Id. at 143-44. Citing Haroco, Inc. v. American Nat'l Bank & Trust Co., 747 F.2d 384, 402 (7th Cir.1984), affirmed, 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985), which held that a corporation could not associate with itself for the purpose of section 1962(c), the McCullough court found that all the section requires is "some separate and distinct existence for the person and the enterprise." 757 F.2d at 144. The fact that the defendant ran a business distinct from himself brought his acts within the bounds of section 1962(c).
In DiCaro, the Seventh Circuit was confronted with the identical issue before us now. In that case, the defendant, charged with the federal equivalent of section 895.03(3), Florida Statutes (1985), committed seven criminal acts over an extended time, including armed robbery, theft, and attempted murder. The court held that the defendant could not be both the "person" and the "enterprise" that had its affairs conducted through a pattern of racketeering activity. Concluding that the Haroco and McCullough analyses of the act were controlling, the DiCaro court said that the defendant could not be held liable under section 1962(c) if his criminal acts constituted "merely a one-man show." DiCaro, 772 F.2d at 1320.
The Florida case of State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1982), rev. denied, 424 So.2d 760 (Fla. 1983), follows the same reasoning used in McCullough while it extends the breadth of what can be considered an enterprise. In Bowen, a sole proprietor of a gold and silver exchange, who dealt in stolen goods, was convicted under section 895.03, at that time section 943.462(3), Florida Statutes (1979). From the facts reported in the case, there is no indication that anyone else worked with the sole proprietor. Thus, while this was a "one-man show," there existed in Bowen a separate and identifiable entity through which he conducted his criminal activity. In the case at hand, there simply is not that necessary identity, distinct and separate from the defendant, which can serve as the enterprise with which Nishi associated or for which he was employed. DiCaro, 772 F.2d at 1320. See United States v. Benny, 786 F.2d 1410 (9th Cir.) (Ninth Circuit adopts Seventh Circuit's analysis as the rule of that circuit), cert. denied, ___ U.S. ___, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986); United States v. Computer Sciences Corp., 689 F.2d 1181 (4th Cir.1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). As the Computer Sciences court commented, "[W]e would not take seriously, in the absence, at least, of very explicit statutory language, an assertion that a defendant could conspire with his right arm, which held, aimed, and fired the fatal weapon." Id. at 1190.
Based on this analysis, we hold that the defendant, Jorge Nishi, cannot be charged with a violation of section 895.03 because he cannot be both the "person" and the "enterprise" within the meaning of that statute.
Accordingly, we affirm the motion to dismiss the Florida RICO Act charge.