546 So.2d 72 (1989)
Vincent P. MASONOFF, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01578.
District Court of Appeal of Florida, Second District.
June 30, 1989.
*73 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Mr. Masonoff appeals his conviction and twelve-year sentence for participating, as an employee or associate, in an enterprise involved in racketeering activity under Florida's Racketeer Influenced and Corrupt Organization Act (RICO). Ch. 895, Fla. Stat. (1987). Recognizing that this decision conflicts with State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1982), review denied, 424 So.2d 760 (Fla. 1983), we reverse the judgment and hold that a sole proprietor cannot violate section 895.03(3), Florida Statutes (1987), by committing unlawful acts in the name of his sole proprietorship if the sole proprietor has no employees or associates.
Mr. Masonoff was in the business of leasing automobile telephones. He had a checking account with checks in the name of "Vincent P. Masonoff, d/b/a Communication Connection." In January 1988, Mr. Masonoff issued thirteen worthless checks in amounts ranging from $55.00 to $316.50 on the above-described bank account. These worthless checks totaled $2,031.29. The address and telephone number on the checks were Mr. Masonoff's home address and home telephone number. Other than himself, Mr. Masonoff's sole proprietorship had no employees or associates.
On March 15, 1988, the state filed an information against Mr. Masonoff containing seven misdemeanor counts for obtaining property in return for worthless checks, six felony counts for obtaining property in return for worthless checks, a grand theft count, and a RICO count under section 895.03(3), Florida Statutes (1987). The initial information alleged that Mr. Masonoff had committed the RICO offense in participation with an enterprise consisting of himself. On April 28, 1988, the state amended the information and alleged that the enterprise was Communication Connection. Mr. Masonoff moved to dismiss the RICO count. When his motion was unsuccessful, he pleaded nolo contendere to all charges and reserved his right to appeal the trial court's refusal to dismiss the RICO charge.
Section 895.03(3), Florida Statutes (1987), states:
It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt.
The definition of "racketeering activity" is lengthy and clearly includes the issuance of worthless checks. § 895.02(1)(a)22, Florida Statutes (1987). An "enterprise" for purposes of RICO means:
[A]ny individual, sole proprietorship ... or other legal entity ... or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.
§ 895.02(3), Fla. Stat. (1987).
It is clear that Mr. Masonoff's sole proprietorship may be an "enterprise" for purposes *74 of RICO. The more difficult question is whether the sole proprietorship is a sufficiently separate entity from the sole proprietor, so that the sole proprietor conducts or participates in the enterprise as an employee or associate.
In Bowen, the First District held that an individual engaged in what appears to be a one-person sole proprietorship could violate RICO by multiple dealings in stolen property. That court based its decision on a "review of the history of the Act and of the statutory language." Bowen, 413 So.2d at 799. Primarily, that court relied upon the observation that section 943.462(3), Florida Statutes (1979) (now section 895.03(3), Florida Statutes (1987)), refers to "any" enterprise rather than to "another" enterprise. Thus, the court reasoned that, since a person can be an enterprise, the "person" and the "enterprise" required for a violation of section 895.03(3) could be a single entity. We find this argument unconvincing.
The violation requires "any person" to conduct or participate in "such enterprise" through a pattern of racketeering activity while that person is employed by or associated with the same enterprise. The statute clearly implies that "any person" must be a sufficiently separate entity from the "enterprise" to permit an employer/employee relationship or some other association. If solo crimes by a self-employed person violated section 895.03(3), Florida Statutes (1987), then the crime of racketeering, with its increased penalties, would apply to a substantial percentage of crimes.
In State v. Nishi, 521 So.2d 252 (Fla. 3d DCA), review denied, 531 So.2d 1355 (Fla. 1988), the defendant had committed multiple robberies in the span of a single week. Relying upon several federal cases under the similar federal Act, the Third District held that the defendant could not be employed by or associate with himself, as an enterprise, for purposes of RICO. This court has followed the Nishi analysis in two cases involving robbery. State v. Smith, 532 So.2d 1112 (Fla. 2d DCA 1988), review denied, 542 So.2d 990 (Fla. 1989); Day v. State, 541 So.2d 1202 (Fla. 2d DCA 1988).
Arguably, the robberies involved in Nishi and our earlier cases are distinguishable from the issuance of these worthless checks because the name of the sole proprietorship on the checks may have misled the payee and made it easier for the defendant to commit the crimes. The issue, however, is not whether the public was misled by the apparent involvement of a business entity, but whether there was in fact another entity sufficiently separate from the defendant so that the defendant can be described fairly as having been employed by or associated with the sole proprietorship.
In Bowen, the sole proprietor had rented a place of business. The fact that a sole proprietorship has a separate address or telephone number does not, from our perspective, create an organization which is sufficiently separate from the sole proprietor to authorize a violation of section 895.03(3), Florida Statutes (1987). We do not believe that an individual risks a RICO indictment merely by registering a fictitious name for an illegal one-person activity. The relationship of a person with an enterprise requires a relationship involving two humans  not a person and some type of property interest.
The federal RICO statute does not list a sole proprietorship within its definition of enterprise. 18 U.S.C. § 1961(4) (1988). Nevertheless, a sole proprietorship is included in the federal definition of "enterprise" by case law because it is a legal entity for some purposes. McCullough v. Suter, 757 F.2d 142 (7th Cir.1985). In McCullough, the defendant's sole proprietorship was not "a one-man band," but had several other employees. The court stated:
There would be a problem if the sole proprietorship were strictly a one-man show. If Suter had no employees or other associates and simply did business under the name of the National Investment Publishing Company, it could hardly be said that he was associating with an enterprise called the National Investment Publishing Company; you cannot associate with yourself, any more than *75 you can conspire with yourself, just by giving yourself a nom de guerre.

Id. at 144.
In United States v. Benny, 786 F.2d 1410 (9th Cir.1986), cert. denied, 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986), the Ninth Circuit adopted the Seventh Circuit's analysis in a case which also involved a sole proprietorship with several employees. That court stated:
We adopt the Seventh Circuit's analysis as the rule for this circuit. The rule avoids the ontological conundrum of interpreting RICO to make liable an individual who associates with himself or herself, while it maintains at the same time RICO's ability to discourage and punish illegal activity associated with various groups.
Id. at 1416.
We adopt the Seventh Circuit's analysis as an appropriate rule for interpretation of Florida's RICO Act. Since this case lacks an enterprise sufficiently separate from Mr. Masonoff, the trial court erred in refusing to dismiss the count filed under section 895.03(3), Florida Statutes (1987).[1]
We reverse the judgment and sentence on the RICO count and remand this case to the trial court for resentencing on the remaining counts. On remand, the trial court should also apportion the restitution between the victims as appropriate. See Anderson v. State, 502 So.2d 1288 (Fla. 2d DCA 1987).
Reversed and remanded.
SCHOONOVER, A.C.J., and HALL, J., concur.
NOTES
[1] An individual who incorporates a "one-man business" may be subject to a different analysis. See McCullough; Benny.