677 So.2d 938 (1996)
STATE of Florida, Appellant,
v.
Mark Warren JACKSON, Appellee.
No. 95-03015.
District Court of Appeal of Florida, Second District.
July 24, 1996.
*939 Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly D. Nolen, Assistant Attorney General, Tampa, for Appellant.
Daniel M. Hernandez of Daniel M. Hernandez, P.A., Tampa, for Appellee.
PER CURIAM.
The state appeals the trial court's order dismissing seven felony charges against *940 Mark Warren Jackson, the appellee. We reverse the dismissal of the racketeering charge but affirm the dismissal of the remaining charges.
The state filed an information against appellee charging him with one count of organized fraud, in violation of section 817.03(4)(a), Florida Statutes (1993); one count of racketeering, in violation of section 895.03, Florida Statutes (1993); ten counts of the offense of conduct of financial transaction involving proceeds of unlawful activity, in violation of section 896.101(2); four counts of first degree grand theft, in violation of section 812.014(2)(a), Florida Statutes (1993); six counts of second degree grand theft, in violation of section 812.014(2)(b), Florida Statutes (1993); and three counts of third degree grand theft, in violation of section 812.014(2)(c), Florida Statutes (1993). Appellee filed a motion to dismiss the racketeering charge on the basis that the state failed to allege the enterprise element of this crime. Appellee also filed a motion to dismiss six of the other remaining counts on the basis of the statute of limitations. The trial court granted the motions to dismiss and the state filed a timely notice of appeal.
We find no reversible error in regard to the dismissal of the charges based on the statute of limitations and, accordingly, affirm the trial court's order granting that motion to dismiss. We do, however, find that the trial court erred in dismissing the racketeering charge and, therefore, we reverse the order granting the other motion to dismiss.
The appellee's motion to dismiss the racketeering charge was based on the assertion that the state failed to plead a prima facie showing of the existence of an enterprise as required by section 895.03.
The state in count II of the information alleged that appellee:
[B]etween on or about January 26, 1988, and continuing through on or about January 1, 1993, in the Fifth, Sixth, Seventh, Tenth, Twelfth, and Thirteenth Judicial Circuits of Florida, to-wit: Citrus, Pinellas, Pasco, Volusia, Polk, Sarasota, and Hillsborough Counties, did unlawfully, intentionally, and knowingly, while employed by or associated with an enterprise as defined by Section 895.02(3), Florida Statutes, to-wit: Caribbean Gulf Investment Corporation, Mark W. Jackson, P.A., Capitol Media, Inc., Comsouth Financial Corporation, Corporate Land Acquisition, Inc., Capitol Recovery Corporation, Stingray's of Tampa, Inc., Jackson and Pritchard, P.A., GB Capitol Corporation, Malibu's, and others known or unknown, did conduct or participate directly or indirectly, in such enterprise through a pattern of racketeering activity within the meaning of Florida Statute 895.02(1) and 895.02(4), by committing crimes chargeable by indictment or information under Chapter 812, Florida Statutes, and further the said MARK WARREN JACKSON did unlawfully, willfully, and knowingly engage in a pattern of racketeering activity as defined by Florida Statute 895.02(4)....
The information then set forth twenty-five predicate incidents.
The charging documents indicate that Mr. and Mrs. Wysocki, the victims, gave the appellee, an attorney, the authority to manage their financial affairs. Appellee, over a period of years, allegedly converted the victims' assets, consisting mainly of mortgages held for other individuals. The state alleged in the affidavit for the arrest warrant that appellee established an enterprise consisting of his law firm and other corporations which he controlled to conceal and use for his benefit the proceeds he obtained unlawfully from the victims.
The Florida RICO (Florida Racketeer Influenced and Corrupt Organization) Act, at section 895.03(3), Florida Statutes (1993), states: "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering or the collection of an unlawful debt."
The RICO statute states: "`Enterprise' means any individual, sole proprietorship, partnership, corporation ... or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities." § 895.02(3), Fla.Stat. (1993).
*941 An enterprise is characterized by three elements: (1) a structural organization that exists separately from the pattern of racketeering activity; (2) continuity of structure and personnel; and (3) a showing of a shared purpose. Flanagan v. State, 566 So.2d 868 (Fla. 2d DCA 1990), citing Boyd v. State, 578 So.2d 718 (Fla. 3d DCA), rev. denied, 581 So.2d 1310 (Fla.1991).
The issue in the instant case is whether the entities alleged by the state to be the RICO enterprise are sufficiently separate from the appellee. We hold that they are.
An individual defendant cannot constitute the "enterprise" for RICO purposes. Day v. State, 541 So.2d 1202 (Fla. 2d DCA 1988), rev. denied, 545 So.2d 869 (Fla.1989). That is, a defendant cannot commit a RICO offense by participating with an enterprise consisting of only the defendant. Masonoff v. State, 546 So.2d 72 (Fla. 2d DCA), rev. dismissed, 553 So.2d 1166 (Fla.1989). In order to satisfy the "enterprise" element of a RICO charge, the state must allege the defendant acted in concert with another person, organization or entity. Day, 541 So.2d at 1203. See Holley v. State, 564 So.2d 595 (Fla. 2d DCA 1990) (one person acting alone cannot be an enterprise for RICO purposes absent proof he used a business entity as a conduit for criminal activity).
This court in Masonoff noted that the RICO statute's definition of enterprise included a sole proprietorship, but concluded that in order to be considered an enterprise the sole proprietorship must be sufficiently separate from the sole proprietor. Masonoff held that since the sole proprietorship had no employees other than the defendant himself it was not sufficiently separate so as to qualify as an enterprise under the RICO statute. In deciding the question of what is a sufficiently separate entity so as to constitute an enterprise, this court adopted the Seventh Circuit's analysis expressed in McCullough v. Suter, 757 F.2d 142 (7th Cir.1985).
The Seventh Circuit in McCullough stated that if a man has employees or associates the enterprise is distinct from him, and it then makes no difference what legal form the enterprise takes. The important factor is that the enterprise be either formally (as when there is incorporation) or practically (as when there are other people other than the proprietor working in the organization) separate from the defendant. McCullough, 757 F.2d at 144. If a "one-man band" incorporates, it gets legal protection from the corporate form such as limited liability, and it is this type of legal shield for illegal activity that RICO tries to pierce. McCullough, 757 F.2d at 144. See also Fleischhauer v. Feltner, 879 F.2d 1290 (6th Cir.1989), cert. denied, 493 U.S. 1074, 110 S.Ct. 1122, 107 L.Ed.2d 1029 (1990)(no merit to defendant's argument that enterprise was not sufficiently distinct from him because he owned 100% of corporations).
Applying this analysis to the instant case, appellee's law firm and the seven other corporations set out in the charging documents were sufficiently separate from appellee so as to constitute an enterprise under the RICO statute. Masonoff, 546 So.2d at 75. While the charging documents do not allege that appellee associated with another human being, they indicate that he associated with a number of separate and identifiable entities through which he conducted his criminal activity. See Day, 541 So.2d at 1203. Since the charging document made a prima facie showing of the enterprise element, it was error for the trial court to dismiss the RICO charge, and we, accordingly, reverse and remand for further proceedings consistent herewith. See State v. Whiddon, 384 So.2d 1269 (Fla.1980).
Affirmed in part; reversed in part; and remanded.
SCHOONOVER, A.C.J., and FULMER and WHATLEY, JJ., concur.