# Supreme Court of Florida

_____

No. SC19-1091
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-06.**

December 19, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions.

We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee filed a report on July 1, 2019, proposing amendments to the

following existing standard criminal jury instructions:  10.18 (Altering or

Removing Firearm Serial Number/Sale or Delivery of Firearm with Serial Number

Altered or Removed); 26.2 (RICO—Use or Investment of Proceeds From Pattern

of Racketeering Activity); 26.3 (RICO—Use or Investment of Proceeds From

Collection of Unlawful Debt); 26.4 (RICO—Acquisition or Maintenance Through

Pattern of Racketeering Activity); 26.5 (RICO—Acquisition or Maintenance

Through Collection of Unlawful Debt); 26.6 (RICO—Conduct of or Participation in an Enterprise Through Collection of Unlawful Debt); 26.7 (RICO—Conduct of or Participation in an Enterprise Through a Pattern of Racketeering Activity); and 26.8 (Conspiracy to Engage in Pattern of Racketeering Activity). The proposals were published in *The Florida Bar News*. One comment, by the Florida Public Defender Association (FPDA), was received by the Committee. Upon the filing of the Committee's report, the Court did not publish the proposals for comment.

We authorize the proposed amendments to the instructions herein at issue for publication and use as proposed. The significant changes to the instructions are as follows.

First, pertaining to instruction 10.18, the title is updated to reflect the significant aspects of the offense. Thus, the title as amended now is "[Altering or Removing Firearm Serial Number with Intent to Disguise True Identity] [Possession or Sale or Delivery of Firearm with Serial Number Altered or Removed]." In addition, the term "knowingly" is added to the first element for the offense charged under section 790.27(2)(a), Florida Statutes (2019). Finally, instruction 10.18 is amended to update the definition for "possession," consistent with that in *In re Standard Jury Instructions in Criminal Cases—Report 2017-03*, 238 So. 3d 182, 183-84 (Fla. 2018).

Next, in instructions 26.2-26.8, the definition for the term "enterprise" is added with a citation to section 895.02(5), Florida Statutes (2019), and providing as follows:

> "Enterprise" means any individual, sole proprietorship, partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.

Also, the references to "individual" and "sole proprietorship" within the definition to "enterprise" include citations to *State v. Nishi*, 521 So. 2d 252 (Fla. 3d DCA 1988), and *State v. Bowen*, 413 So. 2d 798 (Fla. 1st DCA 1982), respectively, in the comment section of the instruction.

Further, instructions 26.2, 26.4, and 26.7 are amended to instruct on the issue of timing of the offense if there is no express stipulation regarding dates.

In addition, the title to instruction 26.5 is updated to reflect the offense charged under section 895.03(2), Florida Statutes (2019), to provide "RICO—Acquisition or Maintenance of an Interest in or Control of [an Enterprise] [Real Property] Through Collection of Unlawful Debt."

Lastly, instruction 26.8 is further amended to update the affirmative defense of renunciation under section 777.04(5), Florida Statutes (2019).

Having considered the Committee's proposals, the FPDA's comment, and the Committee's response thereto, we authorize for publication and use amended

instructions 10.18 and 26.2-26.8 as proposed, and as set forth in the appendix to this opinion.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

**APPENDIX**

**10.18  [ALTERING OR REMOVING FIREARM SERIAL NUMBER WITH INTENT TO DISGUISE TRUE IDENTITY]/ [POSSESSION OR SALE OR DELIVERY OF FIREARM WITH SERIAL NUMBER ALTERED OR REMOVED]**
§_790.27, Fla. Stat.

**To prove the crime of** ~~Sale or Possession of Firearm with Altered or Removed Serial Number~~(name of crime)**, the State must prove the following [two] [three] elements beyond a reasonable doubt:**

*Give only if §_790.27(1)(a), Fla. Stat. is charged.*
**1.** (Defendant) **knowingly [altered] [removed] the [manufacturer's] [importer's] serial number from a firearm.**

**2.** (Defendant) **did so with the intent to disguise the true identity of the firearm.**

*Give only if §_790.27(2)(a), Fla. Stat. is charged.*
**1.** (Defendant) **knowingly [sold] [delivered] [possessed] a firearm.**

**2.** **The [manufacturer's] [importer's] serial number had been unlawfully [altered] [removed].**

**3.** (Defendant) **knew the serial number had been [altered] [removed].**

*§ 790.001(6), Fla. Stat.*
**A "firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive[; the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [or] [any machine gun].**

*Give if possession charged.*
~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~

~~Possession may be actual or constructive.~~

~~Actual possession means:~~

- 6 -

~~a.     the firearm is in the hand of or on the person,~~

~~b.     the firearm is in a container in the hand of or on the person, or~~

~~c.     the firearm is so close as to be within ready reach and is under the control of the person.~~

*~~Give if applicable.~~*
~~Mere proximity to a firearm is not sufficient to establish control over that firearm when it is not in a place over which the person has control.~~

~~Constructive possession means the firearm is in a place over which~~ (defendant) ~~has control, or in which~~ (defendant) ~~has concealed it.~~

~~If the firearm is in a place over which~~ (defendant) ~~does not have control, the State establishes constructive possession if it proves that~~ (defendant) ~~(1) has knowledge that the firearm was within [his] [her] presence, and (2) has control over the firearm.~~

~~Possession may be joint, that is, two or more persons may jointly possess an article, exercising control over it.  In that case, each of those persons is considered to be in possession of that article.~~

~~If a person has exclusive possession of the firearm, knowledge of its presence may be inferred or assumed.~~

~~If a person does not have exclusive possession of the firearm, knowledge of its presence may not be inferred or assumed.~~

<u>To prove</u> (defendant) <u>**"possessed a firearm," the State must prove beyond a reasonable doubt that [he] [she]: a) knew of the existence of the firearm; and b) intentionally exercised control over the firearm.**</u>

*<u>Give if applicable.</u>*
<u>**Control can be exercised over a firearm whether the firearm is carried on a person, near a person, or in a completely separate location. Mere proximity to a firearm does not establish that the person intentionally exercised control over the firearm in the absence of additional evidence. Control can be established by proof that**</u> (defendant) <u>**had direct personal**</u>

**power to control the firearm or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a firearm may be sole or joint, that is, two or more persons may possess a firearm.**

Lesser Included Offenses

~~No lesser included offenses have been identified for this offense.~~

| [ALTERING OR REMOVING FIREARM SERIAL NUMBER WITH INTENT TO DISGUISE TRUE IDENTITY] [POSSESSION OR SALE OR DELIVERY OF FIREARM WITH SERIAL NUMBER ALTERED OR REMOVED]—790.27 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

Comments

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2019.

### 26.2 RICO — USE OR INVESTMENT OF PROCEEDS FROM PATTERN OF RACKETEERING ACTIVITY
§ 895.03(1), Fla._Stat.

**To prove the crime of Unlawful Use or Investment of Proceeds from a Pattern of Racketeering Activity, the State must prove the following four elements beyond a reasonable doubt:**

*Elements #1 and #2 need to be reworded if only two incidents of racketeering conduct are alleged.*

1. **At least two of the following incidents occurred.** *Read incidents of racketeering conduct alleged in information.*

*~~Modify 1 and 2 if only two incidents alleged.~~*

**2.** Of those incidents ~~which did~~that occur~~red~~, at least two of them had the same or similar [intents] [results] [accomplices] [victims] [methods of commission] or were interrelated by distinguishing characteristics and were not isolated incidents.

**3.** (Defendant), **with criminal intent, received proceeds** ~~which~~that **were derived directly or indirectly from such incidents.**

**4.** (Defendant) **[used] [invested] some of these proceeds [or proceeds derived from the investment or use thereof] either directly or indirectly [in acquiring some right, title, equity or interest in real property] [in establishing or operating an enterprise].**

*Define the crimes alleged ~~as~~to be incidents of racketeering conduct.*

*~~Instruct as to the five-year limitation period if appropriate. (§ 895.02(4), Fla.Stat.~~§ 895.02(7), Fla. Stat. Give if there is no express stipulation regarding dates.*

**In order to find** (defendant) **guilty of Unlawful Use or Investment of Proceeds from a Pattern of Racketeering Activity, you must also find the State proved beyond a reasonable doubt that:**

**1.** **at least one of the predicate incidents alleged occurred after October 1, 1977;**

**and**

**2.** **the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.**

*Give in every case.*
**"Receiving proceeds with criminal intent"** **means that the defendant, at the time [he] [she] received the proceeds, either knew the source of the proceeds or had [his] [her] suspicions aroused but deliberately failed to make further inquiry as to the source of the proceeds.**

*Give ~~as~~if applicable. § 895.02(9), Fla. Stat.*
**"Real property"** **means land and whatever is erected on it. It includes but is not limited to any lease or mortgage or other interest in that property.**

*Give ~~as~~if applicable. § 895.02(5), Fla. Stat.*
**"Enterprise" means any individual,\* sole proprietorship,\*\* partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.**

*Gross v. State, 765 So. 2d 39 (Fla. 2000).*
**An "~~"~~enterprise~~"~~" is an ongoing organization, formal or informal, that functions both as a continuing unit and has a common purpose of engaging in a course of conduct.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

\*In *State v. Nishi*, 521 So. 2d 252 (Fla. 3d DCA 1988), the Third District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person cannot be employed or associated with himself.

\*\*In *State v. Bowen*, 413 So. 2d 798 (Fla. 1st DCA 1982), the First District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person can be employed or associated with his own sole proprietorship. However, the Second District Court of Appeal disagreed in *Masonoff v. State*, 546 So. 2d 72 (Fla. 2d DCA 1989).

A criminal gang, as defined in § 874.03, Fla. Stat., constitutes an enterprise.

This instruction was adopted in 1989 and amended in 2003 and 2019. ~~The definition of the term "enterprise" in this instruction is from the supreme court's opinion in *Gross v. State*, 765 So.2d 39 (Fla. 2000). As to the issue of whether an individual can be an enterprise, see *State v. Nishi*, 521 So.2d 252 (Fla. 3d DCA 1988), and *State v. Bowen*, 413 So.2d 798 (Fla. 1st DCA 1983).~~

- 10 -

# 26.3 RICO — USE OR INVESTMENT OF PROCEEDS FROM COLLECTION OF UNLAWFUL DEBT
§ 895.03(1), Fla._Stat.

**To prove the crime of Unlawful Use or Investment of Proceeds from Collection of Unlawful Debt, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant), **with criminal intent, received proceeds** ~~which~~that **were derived directly or indirectly through the collection of an unlawful debt.**

2. (Defendant) **[used] [invested] some of these proceeds [or proceeds derived from the investment or use thereof] either directly or indirectly [in acquiring some right, title, equity, or interest in real property] [in establishing or operating an enterprise].**

*Give in every case.*
**"Receiving proceeds with criminal intent" means that the defendant, at the time [he] [she] received the proceeds, either knew the source of the proceeds or had [his] [her] suspicions aroused but deliberately failed to make further inquiry as to the source of the proceeds.**

*§ 895.02(12), Fla._Stat.*
**"Unlawful debt" means any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in Florida in whole or in part because the debt was incurred or contracted in violation of the following law:** (~~recite~~give applicable section and define applicable crime)**.**

*Give ~~as~~if applicable. § 895.02(9), Fla._Stat.*
**"Real property" means land and whatever is erected on it. It includes but is not limited to any lease or mortgage or other interest in that property.**

*Give ~~as~~if applicable. § 895.02(5), Fla. Stat.*
**"Enterprise" means any individual,\* sole proprietorship,\*\* partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it**

**includes illicit as well as licit enterprises and governmental, as well as other, entities.**

*Gross v. State, 765 So. 2d 39 (Fla. 2000).*
An ""enterprise"" is an ongoing organization, formal or informal, that functions both as a continuing unit and has a common purpose of engaging in a course of conduct.

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comments

*In *State v. Nishi*, 521 So. 2d 252 (Fla. 3d DCA 1988), the Third District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person cannot be employed or associated with himself.

**In *State v. Bowen*, 413 So. 2d 798 (Fla. 1st DCA 1982), the First District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person can be employed or associated with his own sole proprietorship. However, the Second District Court of Appeal disagreed in *Masonoff v. State*, 546 So. 2d 72 (Fla. 2d DCA 1989).

A criminal gang, as defined in § 874.03, Fla. Stat., constitutes an enterprise.

This instruction was adopted in 1989 and amended in 2003 and 2019. ~~The definition of the term "enterprise" in this instruction is from the supreme court's opinion in *Gross v. State*, 765 So.2d 39 (Fla. 2000). As to the issue of whether an individual can be an enterprise, see *State v. Nishi*, 521 So.2d 252 (Fla. 3d DCA 1988), and *State v. Bowen*, 413 So.2d 798 (Fla. 1st DCA 1983).~~

## 26.4 RICO — ACQUISITION OR MAINTENANCE OF AN INTEREST IN OR CONTROL OF [AN ENTERPRISE] [REAL PROPERTY] THROUGH A PATTERN OF RACKETEERING ACTIVITY
§ 895.03(2), Fla. Stat.

To prove the crime of Unlawfully [Acquiring] [Maintaining] an Interest in or Control of [an Enterprise] [Real Property] **Through a Pattern of**

**Racketeering Activity**, the State must prove the following three elements beyond a reasonable doubt:

*Elements #1 and #2 need to be reworded if only two incidents of racketeering conduct are alleged.*

1. (Defendant) **engaged in at least two of the following incidents.** *Read names of incidents of racketeering conduct alleged in information.*

*Modify 1 and 2 if only two incidents alleged.*

2. **Of those incidents in which** (defendant) **was engaged, at least two of them had the same or similar [intents] [results] [accomplices] [victims] [methods of commission] or were interrelated by distinguishing characteristics and were not isolated incidents.**

3. **As a result of such incidents,** (defendant) **[acquired] [maintained], directly or indirectly, interest in or control of [an enterprise] [real property].**

*Define the crimes alleged ~~as~~to be incidents of racketeering conduct.*

*~~Instruct as to the five-year limitation period if appropriate. (§ 895.02(4), Fla.Stat.~~§ 895.02(7), Fla. Stat. Give if there is no express stipulation regarding dates.*

**In order to find** (defendant) **guilty of Unlawfully [Acquiring] [Maintaining] an Interest in or Control of [an Enterprise] [Real Property] Through a Pattern of Racketeering Activity, you must also find the State proved beyond a reasonable doubt that:**

1. **at least one of the predicate incidents alleged occurred after October 1, 1977;**

   **and**

2. **the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.**

*Give ~~as~~if applicable. § 895.02(5), Fla. Stat.*
**"Enterprise" means any individual,\* sole proprietorship,\*\* partnership, corporation, business trust, union chartered under the laws of**

- 13 -

**this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.**

*Gross v. State, 765 So. 2d 39 (Fla. 2000).*
**An "~~"~~enterprise~~"~~" is an ongoing organization, formal or informal, that functions both as a continuing unit and has a common purpose of engaging in a course of conduct.**

*Give ~~as~~if applicable. § 895.02(9), Fla.\_Stat.*
**"~~"~~Real property~~"~~" means land and whatever is erected on it. It includes but is not limited to any lease or mortgage or other interest in that property.**

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comments**

\*In *State v. Nishi*, 521 So. 2d 252 (Fla. 3d DCA 1988), the Third District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person cannot be employed or associated with himself.

\*\*In *State v. Bowen*, 413 So. 2d 798 (Fla. 1st DCA 1982), the First District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person can be employed or associated with his own sole proprietorship. However, the Second District Court of Appeal disagreed in *Masonoff v. State*, 546 So. 2d 72 (Fla. 2d DCA 1989).

A criminal gang, as defined in § 874.03, Fla. Stat., constitutes an enterprise.

This instruction was adopted in 1989 and amended in 2003 and 2019. ~~The definition of the term "enterprise" in this instruction is from the supreme court's opinion in *Gross v. State*, 765 So.2d 39 (Fla. 2000). As to the issue of whether an individual can be an enterprise, see *State v. Nishi*, 521 So.2d 252 (Fla. 3d DCA 1988), and *State v. Bowen*, 413 So.2d 798 (Fla. 1st DCA 1983).~~

**26.5 RICO — ACQUISITION OR MAINTENANCE <u>OF AN INTEREST IN OR CONTROL OF [AN ENTERPRISE] [REAL PROPERTY]</u> THROUGH COLLECTION OF UNLAWFUL DEBT**
§ 895.03(2), Fla._Stat.

  **To prove the crime of Unlawfully [Acquiring] [Maintaining] an Interest in or Control of [an Enterprise] [Real Property], the State must prove the following two elements beyond a reasonable doubt:**

  **1.** (Defendant) **[acquired] [maintained], directly or indirectly, interest in or control of [an enterprise] [real property].**

  **2. [He] [She] did so through the knowing collection of an unlawful debt.**

  *Give in every case. <u>§ 895.02(12), Fla. Stat.</u>*
<u>"</u>**"Unlawful debt"**<u>"</u> **means any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in Florida in whole or in part because the debt was incurred or contracted in violation of the following law:** (~~recite~~<u>give</u> applicable section and define <u>applicable</u> crime)**.**

  *Give ~~as~~<u>if</u> applicable. <u>§ 895.02(5), Fla. Stat.</u>*
**"Enterprise" means any individual,\* sole proprietorship,\*\* partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.**

  *<u>Gross v. State, 765 So. 2d 39 (Fla. 2000).</u>*
**An <u>"</u>"enterprise"<u>"</u> is an ongoing organization, formal or informal, that functions both as a continuing unit and has a common purpose of engaging in a course of conduct.**

  *Give ~~as~~<u>if</u> applicable. § 895.02(9), Fla._Stat.*
<u>"</u>**"Real property"**<u>"</u> **means land and whatever is erected on it. It includes but is not limited to any lease or mortgage or other interest in that property.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

*In *State v. Nishi*, 521 So. 2d 252 (Fla. 3d DCA 1988), the Third District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person cannot be employed or associated with himself.

**In *State v. Bowen*, 413 So. 2d 798 (Fla. 1st DCA 1982), the First District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person can be employed or associated with his own sole proprietorship. However, the Second District Court of Appeal disagreed in *Masonoff v. State*, 546 So. 2d 72 (Fla. 2d DCA 1989).

A criminal gang, as defined in § 874.03, Fla. Stat., constitutes an enterprise.

This instruction was adopted in 1989 and amended in 2003 and 2019. The definition of the term "enterprise" in this instruction is from the supreme court's opinion in *Gross v. State*, 765 So.2d 39 (Fla. 2000). As to the issue of whether an individual can be an enterprise, see *State v. Nishi*, 521 So.2d 252 (Fla. 3d DCA 1988), and *State v. Bowen*, 413 So.2d 798 (Fla. 1st DCA 1983).

## 26.6 RICO — CONDUCT OF OR PARTICIPATION IN AN ENTERPRISE THROUGH COLLECTION OF UNLAWFUL DEBT
§ 895.03(3), Fla._Stat.

**To prove the crime of Unlawfully [Conducting] [Participating in] an Enterprise Through Collection of an Unlawful Debt, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **was [employed by] [or] [associated with] an enterprise.**

2. (Defendant) **[conducted] [or] [participated in], directly or indirectly, such enterprise through the knowing collection of an unlawful debt.**

*Definitions*
*§ 895.02(12), Fla. Stat.*
**""Unlawful debt"" means any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in Florida in whole or in part because the debt was incurred or contracted in violation of the following law:** (recitegive applicable section and define applicable crime)**.**

*§ 895.02(5), Fla. Stat.*
**"Enterprise" means any [individual\*], [sole proprietorship\*\*], partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.**

*Gross v. State, 765 So. 2d 39 (Fla. 2000).*
**An ""enterprise"" is an ongoing organization, formal or informal, that functions both as a continuing unit and has a common purpose of engaging in a course of conduct.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

\*In *State v. Nishi*, 521 So. 2d 252 (Fla. 3d DCA 1988), the Third District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person cannot be employed or associated with himself.

\*\*In *State v. Bowen*, 413 So. 2d 798 (Fla. 1st DCA 1982), the First District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person can be employed or associated with his own sole proprietorship. However, the Second District Court of Appeal disagreed in *Masonoff v. State*, 546 So. 2d 72 (Fla. 2d DCA 1989).

A criminal gang, as defined in § 874.03, Fla. Stat., constitutes an enterprise.

This instruction was adopted in 1989 and amended in 2003 and 2019. ~~The definition of the term "enterprise" in this instruction is from the supreme court's opinion in *Gross v. State*, 765 So.2d 39 (Fla. 2000). As to the issue of whether an individual can be an enterprise, see *State v. Nishi*, 521 So.2d 252 (Fla. 3d DCA 1988), and *State v. Bowen*, 413 So.2d 798 (Fla. 1st DCA 1983).~~

## 26.7 RICO — CONDUCT OF OR PARTICIPATION IN AN ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY
§ 895.03(3), Fla._Stat.

**To prove the crime of Unlawfully [Conducting] [Participating in] an Enterprise Through a Pattern or Racketeering Activity, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Defendant) **was [employed by] [associated with] an enterprise.**

2.      (Defendant) **[conducted] [participated in], directly or indirectly, such enterprise by engaging in at least two of the following incidents**. *Read incidents of racketeering activity alleged in information.*

3.      **Of those incidents in which** (defendant) **was engaged, at least two of them had the same or similar [intents] [results] [accomplices] [victims] [methods of commission] or were interrelated by distinguishing characteristics and were not isolated incidents.**

*Define the crimes alleged ~~as~~to be incidents of racketeering activity.*

~~*Instruct as to the five-year limitation period if appropriate. See § 895.02(4), Fla.Stat.*~~ *..§ 895.02(7), Fla. Stat. Give if there is no express stipulation regarding dates.*

**In order to find** (defendant) **guilty of Unlawfully [Conducting] [Participating in] an Enterprise Through a Pattern or Racketeering Activity, you must also find the State proved beyond a reasonable doubt that:**

1.      **at least one of the predicate incidents alleged occurred after October 1, 1977;**

- 18 -

**and**

**2.      the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.**

*Give ~~as~~if applicable. § 895.02(5), Fla. Stat.*
**"Enterprise" means any [individual\*], [sole proprietorship\*\*], partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.**

*Gross v. State, 765 So. 2d 39 (Fla. 2000).*
**An "~~"~~enterprise~~"~~" is an ongoing organization, formal or informal, that functions both as a continuing unit and has a common purpose of engaging in a course of conduct.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

\*In *State v. Nishi*, 521 So. 2d 252 (Fla. 3d DCA 1988), the Third District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person cannot be employed or associated with himself.

\*\*In *State v. Bowen*, 413 So. 2d 798 (Fla. 1st DCA 1982), the First District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person can be employed or associated with his own sole proprietorship. However, the Second District Court of Appeal disagreed in *Masonoff v. State*, 546 So. 2d 72 (Fla. 2d DCA 1989).

A criminal gang, as defined in § 874.03, Fla. Stat., constitutes an enterprise.

This instruction was adopted in 1989 and amended in 2003 and 2019. ~~The definition of the term "enterprise" in this instruction is from the supreme court's opinion in *Gross v. State*, 765 So.2d 39 (Fla. 2000). As to the issue of whether an~~

individual can be an enterprise, see *State v. Nishi*, 521 So.2d 252 (Fla. 3d DCA 1988), and *State v. Bowen*, 413 So.2d 798 (Fla. 1st DCA 1983).

### 26.8 CONSPIRACY TO ENGAGE IN PATTERN OF RACKETEERING ACTIVITY
§ 895.03(4), Fla. Stat.

A "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish an offense which would be in violation of the law. It is a kind of "partnership in criminal purposes" in which each member becomes the agent of every other member.

The evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement or that they directly discussed between themselves the details of the scheme and its purpose or the precise ways in which the purpose was to be accomplished. Neither must it be proved that all of the persons charged to have been members of the conspiracy were such nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives nor that any alleged member of the conspiracy did any act in furtherance of the conspiracy.

What the evidence in the case must show beyond a reasonable doubt before you may find the defendant guilty of conspiring to violate the Racketeer Influenced and Corrupt Organization (RICO) Act is:

1. Two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, namely to engage in a "pattern of racketeering activity" as charged in the Information; and

2. The defendant knowingly and willfully became a member of such conspiracy; and

3. At the time the defendant joined such conspiracy, [he] [she] did so with the specific intent either to personally engage in at least two incidents of racketeering, as alleged in the Information, or [he] [she] specifically intended to otherwise participate in the affairs of the "enterprise" with the knowledge and intent that other

- 20 -

members of the conspiracy would engage in at least two incidents of racketeering, as alleged in the ~~I~~Information, as part of a "~~"~~pattern of racketeering activity.~~"~~"

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict [him] [her] for conspiracy, even though [he] [she] did not participate before and even though [he] [she] played only a minor part.

Of course, mere presence at the scene of a transaction or event or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of a conspiracy does not thereby become a conspirator.

*Defense. Give if applicable. § 777.04(5)(c), Fla.Stat.*
It is a defense to the charge of conspiracy to engage in a pattern of racketeering activity that (defendant), after knowingly entering into such a conspiracy with one or more persons, thereafter persuaded such persons not to engage in such activity or otherwise prevented commission of the offense. In this regard you are instructed that a mere endeavor to dissuade one from engaging in such activity is insufficient.

*Affirmative Defense. Give only if applicable. § 777.04(5)(c), Fla. Stat. Carroll v. State, 680 So. 2d 1065 (Fla. 3d DCA 1996). Harriman v. State, 174 So. 3d 1044 (Fla. 1st DCA 2015).*
**It is a defense to the charge of Conspiracy to Engage in a Pattern of Racketeering Activity that** (defendant)**, after conspiring with one or more persons to engage in a pattern of racketeering activity, persuaded such person not to do so, or otherwise prevented commission of the pattern of racketeering activity, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.**

**Renunciation is not complete and voluntary where the crime that was conspired to was not completed because of unanticipated difficulties,**

**unexpected resistance, a decision to postpone the crime to another time, or circumstances known by the defendant that increased the probability of being apprehended.**

**If you find that the defendant proved by a preponderance of the evidence that [he] [she] persuaded** (person alleged) **not to commit the pattern of racketeering activity, or otherwise prevented commission of the pattern of racketeering activity, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] not guilty of Conspiracy to Engage in a Pattern of Racketeering Activity.**

**If the defendant failed to prove by a preponderance of the evidence that [he] [she] persuaded** (person alleged) **not to engage in a pattern of racketeering activity, or that [he] [she] did not otherwise prevent commission of the pattern of racketeering activity under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] guilty of Conspiracy to Engage in a Pattern of Racketeering Activity, if all the elements of the charge have been proven beyond a reasonable doubt.**

*An endeavor to dissuade a coconspirator is insufficient to constitute the statutory defense of withdrawal. State v. Bauman, 425 So.2d 32, 34 (Fla. 4th DCA 1982).*

*Definitions*§ 895.02(7), Fla. Stat.
**"**"**Pattern of racketeering activity**"**" means engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after October 1, 1977, and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.**

*§ 895.02(5), Fla. Stat.*
**"Enterprise" means any [individual\*], [sole proprietorship\*\*], partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.**

*Gross v. State, 765 So. 2d 39 (Fla. 2000).*

An "enterprise" is an ongoing organization, formal or informal, that functions both as a continuing unit and has a common purpose of engaging in a course of conduct.

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

*In *State v. Nishi*, 521 So. 2d 252 (Fla. 3d DCA 1988), the Third District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person cannot be employed or associated with himself.

**In *State v. Bowen*, 413 So. 2d 798 (Fla. 1st DCA 1982), the First District Court of Appeal held that for purposes of § 895.03(2), Fla. Stat., a person can be employed or associated with his own sole proprietorship. However, the Second District Court of Appeal disagreed in *Masonoff v. State*, 546 So. 2d 72 (Fla. 2d DCA 1989).

A criminal gang, as defined in § 874.03, Fla. Stat., constitutes an enterprise.

This instruction was adopted in 1989 and amended in 2003 and 2019. The definition of the term "enterprise" in this instruction is from the supreme court's opinion in *Gross v. State*, 765 So.2d 39 (Fla. 2000). As to the issue of whether an individual can be an enterprise, see *State v. Nishi*, 521 So.2d 252 (Fla. 3d DCA 1988), and *State v. Bowen*, 413 So.2d 798 (Fla. 1st DCA 1983).